## EMILY S. MAYHEW *vs.* JACOB S. MAYHEW.

New Haven & Fairfield Cos., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

Sexual intercourse unreasonably demanded and brutally effected by a husband, when his wife is in a condition that makes it dangerous to her health, and the husband knows this, may amount to intolerable cruelty.

Marital rights exist on the part of the wife as fully as on the part of the husband. Correlative to marital rights are marital duties. These include, in respect to such acts as are here in question, the duty of

forbearance on the part of the husband at the reasonable request of the wife, as well as the duty of yielding on her part at the reasonable request of the husband.

[Argued October 27th—decided December 5th, 1891.]

Suit for a divorce ; brought to the Superior Court in Fairfield County, and heard before *Phelps, J.* Facts found and divorce granted, and appeal by the defendant. The case is sufficiently stated in the opinion.

*L. D. Brewster* and *S. Tweedy*, for the appellant.

*R. E. DeForest* and *W. J. Beecher*, for the appellee.

Andrews, C. J. The plaintiff brought her complaint praying for a divorce from her husband on the ground of intolerable cruelty. The Superior Court heard the case, made a finding of facts and granted the divorce. The defendant brings the case before this court, and alleges as his reason that the facts found do not show intolerable cruelty within the meaning of that expression as construed in the case of *Shaw* v. *Shaw*, 17 Conn., 189. The acts, however, which are set forth in the finding are not exclusively such acts as are the subject of the discussion in that case. Other acts are found to have been committed by the defendant of which intolerable cruelty might be pretty safely affirmed. Besides, the acts found in this case which are of the same nature as those complained of in *Shaw* v. *Shaw*, are found to have been committed by the defendant with knowledge of their probable effect on the plaintiff. It is said in that case that such acts might constitute intolerable cruelty if the husband had reasonable grounds to apprehend serious injury to the health of the wife therefrom. In the present case the finding is that the acts " were attended by danger and fear, and injury to the plaintiff and to her health, and were rashly and roughly and unreasonably done ; and each of them when the defendant knew the condition of the plaintiff and the suffering and injury it would be likely to inflict

on her, and her inability to safely and properly accede to his wishes.    And I find" adds the court, "his conduct in this respect brutal and unendurable and that the plaintiff could not safely cohabit with him longer."    This finding brings the case clearly within the doctrine of the case cited.

What may or may not constitute intolerable cruelty by a husband towards his wife in the exercise of his marital rights is a difficult and delicate question.    Such acts as are usually meant by that term are not ordinarily dangerous or cruel.    But sometimes they may be both dangerous and cruel.    Marital rights exist on the part of the wife as distinctly as on the part of the husband.    *Foot* v. *Card*, 58 Conn., 1.    Correlative to marital rights are marital duties. The term implies a two sided obligation.    In respect to such acts as are here in question, it includes the duty of forbearance on the part of the husband at the reasonable request of the wife, as well as the duty of submission on the part of the wife at the reasonable request of the husband.    Any decision of what constitutes intolerable cruelty in these matters that should leave out of consideration the duty of the husband and look only to the duty of the wife, would be manifestly erroneous.    There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.