WILLIAM N. SWEET *vs.* GRACE A. SWEET.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Offensive and disgusting conduct, with insulting and indecent language, on the part of a wife toward her husband, whose health, however, was not thereby impaired, and whose reciprocal treatment of his wife on various occasions, as detailed in the finding did not indicate a delicate or sensitive nature upon his part,—does not warrant the legal conclusion that the wife was guilty of "intolerable cruelty" within the meaning of that expression in § 5280 of the General Statutes relating to divorce.

Whether the defendant's conduct is unbearable or not—which is the test of "intolerable cruelty"—must in each case depend on its effect, physical or mental, or both, upon the plaintiff.

A finding, in an action for divorce, which makes no reference to the effect of the defendant's conduct upon the plaintiff, is insufficient to support a judgment for the plaintiff upon the ground of intolerable cruelty.

Argued May 3d—decided August 4th, 1922.

SUIT for a divorce upon the ground of intolerable cruelty, brought to and tried by the Superior Court in Windham County, *Marvin, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error; judgment to be entered for defendant.*

*Edmund W. Perkins,* for the appellant (defendant).

*Charles L. Torrey,* with whom, on the brief, was *Arthur G. Bill,* for the appellee (plaintiff).

BEACH, J. We have examined the evidence in connection with the alleged errors of the court in refusing to correct the finding, and are of opinion that the finding must stand as the court finally made it.

The remaining question in the case is whether the

finding supports the conclusion that the defendant was guilty of "intolerable cruelty" within the meaning of the statute (§ 5280).

There is no finding of substantial bodily injury inflicted on the plaintiff, or of threats of bodily injury made under such circumstances as to excite a reasonable apprehension of serious bodily harm in a man fifty-two years old and in good health, as the plaintiff is found to be. There were some assaults without any finding of substantial injury, and some threats of bodily injury without any finding of even temporary mental suffering caused thereby.

During the last two years that the parties lived together there are findings of offensive and disgusting conduct, and of insulting and indecent language, on the part of the defendant, including loose charges of adultery. But the record contains no finding as to the effect which this conduct and language had on the plaintiff, except that it has not impaired his health. Nor is it a necessary inference from the finding that the defendant's conduct and language was "of such a nature as to be intolerable and to render a continuance of the relation by the suffering victim impracticable." *Morehouse* v. *Morehouse*, 70 Conn. 420, 427, 39 Atl. 516; *Jacobs* v. *Jacobs*, 95 Conn. 57, 61, 110 Atl. 455. That is the test of intolerable cruelty which we have adopted. "Mere faults of temper and of manner do not constitute such cruelty." *Morehouse* v. *Morehouse*. It is the "unbearable character" of the defendant's conduct that makes it a ground of divorce. *Jacobs* v. *Jacobs*. Whether it is or is not unbearable must in each case depend on its effect, physical or mental, or both, upon the victim; and this record is fatally defective for lack of any finding on that point.

We repeat, that the findings of specific acts of cruelty are not of such a character as to compel the inference

of fact that they must have been intolerable to a man of the plaintiff's age and health. Nor does it appear that the plaintiff is not robust in point of temperament. It is found that the plaintiff twice choked the defendant under more or less provocation, and that the plaintiff and defendant on various occasions cursed and swore at each other, and used obscene language in the presence of each other. These findings do not indicate such a degree of refinement and sensitiveness on the plaintiff's part as would necessarily unfit him to endure similar outbreaks of temper and manners on the part of the defendant.

There is error, and the cause is remanded with direction to set aside the judgment for the plaintiff and to enter judgment for the defendant.

In this opinion the other judges concurred.