JAMES McEVOY *vs.* GLADYS McEVOY.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

Whether intolerable cruelty, alleged as a ground of divorce, exists or not in a particular case, is ordinarily a conclusion of fact for the trier to draw; and if not so drawn, it is only in exceptionally aggravated cases, where the mere statement of the evidential facts demonstrates the intolerable character of the defendant's cruelty, that this court will feel warranted in treating that fact as established.

The evidential facts in the present case reviewed, and *held* not to be of

such a character as to compel the conclusion that a continuance of the marital relation by the husband had been made impracticable by the defendant's cruelty.

It is not true that any conduct of a defendant which results in impairment of the plaintiff's health is necessarily intolerable cruelty; nor does the case of *Sweet* v. *Sweet*, 97 Conn. 693, so hold.

The policy of the State, as well as the sacred nature of the marital covenant, requires patient endurance upon the part of each spouse; and it is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute (§ 5280) should be found to exist.

Argued June 12th—decided July 27th, 1923.

ACTION for a divorce upon the ground of intolerable cruelty, brought to and tried by the Superior Court in New Haven County, *Webb, J.*, upon the facts found and reported by a State Referee; the court ruled that the acts and conduct of the defendant as detailed in the referee's report did not constitute intolerable cruelty and thereupon adjudged that the complaint be dismissed, and from this judgment the plaintiff appealed. *No error.*

The material portion of the referee's report is as follows: "Upon the question of intolerable cruelty, as charged in the third paragraph of the complaint, I find as follows: Until the early part of January, 1920, the plaintiff and defendant were fairly happy in their marital relations and they got along fairly well. About that time the defendant began leaving the home evenings, and thereafter she was frequently away until late at at night. About the same time the defendant started receiving attentions of other men at the home on Silver Street; daily from three to six men would call at her house. The plaintiff, learning soon after of the defendant's conduct, remonstrated with her, and she did not deny the charges, but on the contrary boldly told the plaintiff that she would entertain such men as she saw

fit and would select her own company. To be more explicit, she told him to go to the devil and she could have them as much as she wanted. During the last few months that the plaintiff and defendant lived together she knew, and was told by the plaintiff, that the plaintiff's health was being impaired by her conduct, and she knew that he was being treated by a doctor as a result of her conduct. Mrs. Sutherland, one of the neighbors, also called her attention to her husband's condition and to the fact that her conduct was impairing his health. Prior to this time the plaintiff, although not a large man, was fairly healthy and strong and worked steadily without losing time on account of his health, but soon after learning of his wife's conduct, and because of such conduct, he started to lose weight, suffered mentally, and in a short period lost seventeen pounds and was obliged to consult a physician for treatment, and was under the care of Dr. William J. Butler for several months prior to December 29th, 1920. He also was obliged to give up his work from one and one half to two days a week because of said mental and physical condition, for several months prior to December 29th, 1920. This state of affairs continued until December 29th, 1920, when the defendant separated from the plaintiff and went to live in another part of the city, and thereafter the plaintiff's health improved gradually until it finally became normal. I do not find that the defendant's actions were committed for the purpose of annoying the plaintiff or with the intention of impairing his health. If the court is of the opinion that these facts can be construed to constitute intolerable cruelty under our statute and decisions, then I find that the defendant was guilty of intolerable cruelty to the plaintiff, otherwise not."

*Arthur B. O'Keefe,* for the appellant (plaintiff).

*Harry L. Brooks*, for the appellee (defendant).

BEACH, J. In *Morehouse* v. *Morehouse*, 70 Conn. 420, 39 Atl. 516, we said, and in *Jacobs* v. *Jacobs*, 95 Conn. 57, 110 Atl. 455, and *Sweet* v. *Sweet*, 97 Conn. 693, 118 Atl. 36, we repeated and emphasized the statement, that to constitute ground for divorce, the cruelty complained of must be of such a nature as to be intolerable, and to render a continuance of the relation by the suffering victim impracticable. In *Mayhew* v. *Mayhew*, 61 Conn. 233, 23 Atl. 966, and the *Morehouse* case and the *Jacobs* case, the fact that the cruelty was intolerable by the victim was found by the trier. In the *Sweet* case there was no such finding, and no finding as to its effect on the plaintiff except that it had not impaired his health; and we held that the record was fatally defective for want of any finding as to the effect physical or mental, or both, of the cruelty complained of upon the victim. In the present case there is no finding of the fact that the cruelty was intolerable to the victim, though there is a finding that the plaintiff's health was impaired by the defendant's conduct. Evidently, impairment of health, though by the defendant's conduct, is not of itself proof of the defendant's cruelty. Still less is it conclusive evidence that the defendant's cruelty is of such a nature as to be intolerable and to amount to "a practical annulling and repudiation of the marriage covenant." *Morehouse* v. *Morehouse, supra.* It is but an evidential fact to be weighed in the balance, and to be weighed by the trier, who must assume the responsibility of determining whether, in view of our settled public policy, the condition of fact contemplated by the statute actually exists in the particular case. There may, of course, be exceptionally aggravated cases where the mere statement of the evidential facts demonstrates the intolerable character of the defendant's

cruelty, and the *Morehouse* case was of that character (70 Conn. p. 427, 39 Atl. 516); but the evidential facts recited in this finding are not of such a character as to compel the conclusion that a continuance of the marital relation by the plaintiff has been made impracticable by the defendant's cruelty. There is nothing found which is necessarily inconsistent with a reconciliation and a resumption of cohabitation as husband and wife; and that being so, the condition of fact contemplated by the statute has not been found to exist in this case.

In view of the plaintiff's claim that the *Sweet* case is authority for the proposition that any conduct of the defendant which results in impairment of the plaintiff's health is intolerable cruelty, we deem it advisable to repudiate that suggestion, and to point out that intolerable cruelty is and always was a specific ground of divorce entirely distinct from that covered by the repealed "misconduct" clause, with which it was formerly associated in the statute. As we said in the *Morehouse* case: "When our legislature, in 1843, adopted as grounds of divorce *a vinculo,* 'habitual intemperance' and 'intolerable cruelty,' it used these words with their ordinary meaning, but with special reference to what has been since 1639 our settled policy in respect to divorce; *i. e.,* marriage is a life status and should never be dissolved, unless one of the parties is guilty of conduct which in itself is a practical annulling and repudiation of the marriage covenant." 70 Conn. pp. 426, 427, 39 Atl. 516. The possible exhibitions of cruelty cannot be catalogued in advance. Cruelty includes any wilful act of a human being which inflicts unnecessary pain. *Jacobs* v. *Jacobs.* But there are trials causing much weariness and suffering, which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance. *Morehouse* v. *Morehouse.*

It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute (§ 5280) should be found to exist.

There is no error.

In this opinion the other judges concurred.