CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

# STATE OF CONNECTICUT

## HARRY E. VanGuilder *vs.* Mary Frances Van-Guilder.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.,

Although a wife's conduct may be cruel and hard to bear, yet if the husband remains both able and willing to tolerate it, and still desires to continue to live with her,—as in the present case—it obviously is not "intolerable" cruelty either in law or in fact.

It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute (§ 5280) should be found to exist.

It is not error to refuse a continuance for the purpose of proving a fact which, if established, would not materially affect the judgment to be rendered.

Argued October 31st—decided November 17th, 1923.

ACTION for divorce, for alleged adultery and intolerable cruelty, brought to and tried by the Superior Court in Fairfield County, *Hinman, J.;* facts found and judgment rendered dismissing the complaint, from which the plaintiff appealed. *No error.*

The trial court found that the parties intermarried in

(1)

October, 1903; that until 1919 they lived together as husband and wife, occupying the same bed; that beginning in 1909 defendant exhibited violent manifestations of temper toward the plaintiff, accompanied by intemperate and sometimes insulting language, and at times struck and scratched the plaintiff and tore his clothing, and refused reasonable requests of the plaintiff for marital intercourse. In August, 1919, a dispute arose between the parties relating to the title to the premises occupied by them as a home, and thereafter defendant excluded the plaintiff from her bed, and no marital intercourse occurred between them. In 1906 one Fitzgerald, named in the complaint as co-respondent, came to board with the parties and continued to reside with them until May, 1920. The relations between Fitzgerald and the defendant were not immoral, but were so friendly as compared with her attitude toward the plaintiff, that the latter might properly have objected thereto. He did not do so until shortly before May, 1920, when he demanded that Fitzgerald leave the house. Defendant, who claimed title to the house, refused to dismiss Fitzgerald, and shortly afterward excluded the plaintiff from the house. Since then the parties have lived separate and apart. As to the effect of the defendant's conduct on the plaintiff, the court finds as follows: "The conduct of the defendant hereinbefore set out disturbed the peace of mind and the happiness of the plaintiff, but did not result in any disease or lack of physical health on the part of the plaintiff or destroy the love of the plaintiff for the defendant, but the plaintiff notwithstanding said conduct, desired and intended to continue living with her, and after being excluded from the home still desired to resume living with her."

In the course of the trial the court made the following ruling: "The plaintiff's attorney stated that two ab-

sent witnesses had, the evening before the trial, promised to attend at court and that he had every reason to think that they would be there; that said witnesses would testify that the defendant had admitted that the refusal of the defendant to have sexual intercourse with the plaintiff had existed at all times since the marriage; and asked that the case be continued for an opportunity to produce said witnesses. The court denied this request on the ground that the evidence expected to be given by these witnesses as stated would not be material, in view of the other facts established, to the conclusion of the court as to the judgment to be rendered."

*George E. Beers*, with whom was *William C. Rungee*, for the appellant (plaintiff).

*William L. Tierney*, for the appellee (defendant).

BEACH, J.  The finding negatives adultery, and as no corrections are asked for, the case turns on two questions: (a) whether on the whole finding the court erred in ruling that intolerable cruelty had not been proven; and (b) whether the court erred in refusing to grant a continuance.

In view of our recent decisions on the subject of intolerable cruelty as a ground of divorce, it is unnecessary to restate the law.  *Jacobs* v. *Jacobs*, 95 Conn. 57, 110 Atl. 455; *Sweet* v. *Sweet*, 97 Conn, 693, 118 Atl. 36; *McEvoy* v. *McEvoy*, 99 Conn. 427, 122 Atl. 100.

It is enough to repeat that, as the phrase imports, intolerable cruelty has a subjective as well as an objective significance.  There must not only be proof of acts of cruelty on the part of the defendant, but proof that in their cumulative effect upon the plaintiff they are intolerable in the sense of rendering the continuance of the marital relation unbearable by him.

In this case the finding already quoted is wholly inconsistent with any claim that the defendant's conduct was intolerable by the plaintiff in the statutory sense.

We attach no controlling importance to that part of the finding which states that the defendant did not destroy the plaintiff's love for the defendant, because it is possible that affection may survive after the limit of physical or mental endurance has been passed. But the finding that notwithstanding the defendant's conduct the plaintiff, being in good health, desired and intended to continue living with her and after being excluded from the home still desired to resume living with her, establishes beyond controversy the fact that her conduct was not such as to render the continuance of the marital relation unbearable by him.

The defendant's conduct was doubtless cruel and hard to bear, but since the plaintiff remained both able and willing to tolerate it, and still desired to continue to live with her, it was not intolerable in fact or in law. "It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute (§ 5280) should be found to exist." *McEvoy* v. *McEvoy, supra.*

The trial court refused to grant the continuance asked for, on the ground that the evidence expected to be given by the missing witnesses would not materially affect the judgment; and that conclusion, as the memorandum of decision shows, was based upon the ground just stated: that no misconduct which the plaintiff was in fact able and willing to tolerate could amount to intolerable cruelty. For the reasons stated, we think the ruling refusing the continuance was not erroneous.

Even if it be assumed that the testimony of these witnesses must have resulted in a finding that the marriage was never consummated, that condition also was tolerated by the plaintiff and did not make the continuance of the marital relation unbearable by him. There is no error.

In this opinion the other judges concurred.