SIGMOND BECK *vs*. MABEL BECK.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Submitted on briefs April 14th—decided June 2d, 1925.

ACTION for a divorce based on the alleged intolerable cruelty of the defendant, brought to the Superior Court in New Haven County and tried to the court, *Brown, J.;* judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*John Henry Sheehan,* for the appellant (plaintiff).

No appearance for the appellee (defendant).

PER CURIAM.   Errors predicated upon the correction of the finding are not well taken.   The credit to be attached to the testimony of the plaintiff was for the court, and the court has found, as the finding discloses, in important particulars, adversely to his testimony. The finding, uncorrected, does not present a case from which we can say, as matter of law, the conclusion of intolerable cruelty must be drawn.   In determining such issue, we are controlled by these rules of law.   The finding must show not only acts of cruelty on the part of the defendant, but facts which show that in their cumulative effect upon the plaintiff "they are intolerable in the sense of rendering the continuance of the marital relation unbearable by" the plaintiff.   *Van-Guilder* v. *VanGuilder,* 100 Conn. 1, 122 Atl. 719.   "It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty

clause of the statute (§ 5280) should be found to exist."
*McEvoy* v. *McEvoy*, 99 Conn. 427, 122 Atl. 100.
Applying these rules to the facts found, we cannot hold
that the conclusion of the trial court was erroneous.

No error.