## MATTHEW MURPHY vs. MRS. NORA MURPHY.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 29th—decided December 12th, 1930.

*William A. Bree* and *William J. Carrig,* for the appellant (defendant).

*Kenneth Wynne,* with whom was *James M. Kent,* for the appellee (plaintiff).

BANKS, J.   The complaint alleged in one count that the defendant at the date of the marriage was, and ever since has been, subject to a permanent incurable corporal defect which rendered sexual intercourse impossible, which she at all times previous to the mar-

riage concealed from the plaintiff, and that the marriage has never been fully consummated. In a second count it alleged that the defendant had been guilty of intolerable cruelty to the plaintiff. The court found the existence of a corporal defect rendering sexual intercourse impossible, and this finding, though attacked, must be sustained, since there was evidence to support it. The court found further that defendant was always aware of the existence, or was properly charged with knowledge, of such defect, but failed to inform the plaintiff of it at the time of their marriage, and reached the conclusion that such conduct on her part constituted a fraud upon the plaintiff. There was no evidence to support this finding, the only evidence in the case upon this point being that of the defendant that she had never had sexual intercourse with any man prior to her marriage to the plaintiff, and knew of no physical deformity which would prevent such intercourse. She was not, under these circumstances, properly chargeable with such knowledge, and the finding is corrected accordingly. As thus corrected the finding does not support the court's conclusion that there was a fraudulent contract. Knowledge or culpable ignorance is an essential ingredient of that fraud in the marriage contract which constitutes a ground for divorce under our statute. *Behrmann* v. *Behrmann,* 110 Conn. 443, 446, 148 Atl. 363. "Such a fraud is accomplished whenever a person enters into that contract knowing that he is incapable of sexual intercourse, and yet, in order to induce marriage, designedly and deceitfully concealing that fact from the other party, who is ignorant of it and has no reason to suppose it to exist." *Gould* v. *Gould,* 78 Conn. 242, 250, 61 Atl. 604. In the absence of proof of this essential element of fraud on the part

of the defendant in inducing or in connection with her marriage to the plaintiff, the judgment of the court that he was entitled to a divorce on the ground of fraudulent contract cannot be sustained.

The court also found that the defendant had been guilty of intolerable cruelty toward the plaintiff as alleged in the second count of the complaint. The defendant seeks a correction of the finding by striking out in whole or in part certain paragraphs stating the conduct of the defendant, which the court has found constituted intolerable cruelty, and substituting certain paragraphs of the draft-finding, and all the evidence in the case has been certified.

The defendant is entitled to a correction of the finding in certain respects. There is no evidence in the case to support the finding that the defendant without cause or justification accused the plaintiff of infidelity, nor the finding that she molested him at his employment and made matters so uncomfortable for him there that he was caused to lose his position. With such modifications in the finding as the evidence requires us to make, the facts upon which the court based its findings of intolerable cruelty are as follows: The defendant on occasions called the plaintiff vile and profane names and intercepted his mail. On one occasion when plaintiff invited a friend to his home she refused him admittance. Upon finding that he had sent some clothes and $1000 to Ireland she asked him if he were preparing to leave her and go to Ireland. In February, 1929, she was so disagreeable to him that he left his home remaining away several days. She made complaint to the authorities, and after notice from the police he returned and lived with the defendant until May, 1929, when he left again. She then made complaint to the city attorney charging

him with nonsupport, as a result of which he paid her thereafter $10 or $12 a week. This conduct alone, the court stated in its memorandum of decision, would not constitute intolerable cruelty. The court apparently felt that the physical condition of the defendant which rendered the consummation of the marriage impossible, was chiefly the cause of the trouble between them, and that the welfare of both parties would best be served by a decree of divorce. That may be the case, but since, as we have seen, a divorce cannot be granted on the ground of the physical infirmity of the defendant for which she is not responsible, neither can it be granted on the ground of intolerable cruelty, unless conduct on her part, quite apart from the unfortunate sexual situation, has been such as to justify a decree on that ground. It is perhaps not entirely without significance that the plaintiff did not testify upon his direct examination as to any of the acts of the defendant which are now relied upon as constituting intolerable cruelty. They were brought out upon cross-examination as incidental to what the court and counsel apparently treated as the principal issue in the case, that of fraudulent contract. Quite apart from this, however, we think there can be no doubt that the acts and conduct of the defendant, detailed in the finding as corrected, fall far short of constituting intolerable cruelty as that term has been defined in numerous decisions of this court. *Morehouse* v. *Morehouse,* 70 Conn. 420, 426, 39 Atl. 516; *Jacobs* v. *Jacobs,* 95 Conn. 57, 61, 110 Atl. 455; *Sweet* v. *Sweet,* 97 Conn. 693, 694, 118 Atl. 36; *McEvoy* v. *McEvoy,* 99 Conn. 427, 430, 122 Atl. 100; *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3, 122 Atl. 719; *Purcell* v. *Purcell,* 101 Conn. 422, 426, 126 Atl. 353; *Swist* v. *Swist,* 107 Conn. 484, 489, 140 Atl. 820.

There is error, and the cause is remanded with direction to set aside the judgment for the plaintiff and to enter judgment for the defendant.

In this opinion the other judges concurred.