## RICHARD T. FRAHER
vs.
## KATHERINE FRAHER

Superior Court     New Haven County     File #49421

Present: Hon. JOHN RUFUS BOOTH, Judge.

Leon E. McCarthy;
Alfred C. Baldwin, Jr.,        Attorneys for the Plaintiff.

William F. Healey,        Attorney for the Defendant.

## MEMORANDUM FILED MARCH 17, 1937.

BOOTH (JOHN RUFUS), J. The action is for a divorce. In the first count the basis is alleged to be fraudulent contract, and in the second count intolerable cruelty. The State Referee to whom it was committed filed a report in which he found the issue of intolerable cruelty in favor of the plaintiff. To this report the defendant filed a remonstrance which is divided into three parts. In part A she seeks to have added to the report nine paragraphs of claimed material facts which

she alleges were all admitted or undisputed. In parts B and C she avers in substance that the subordinate facts found failed to support the conclusion reached on the issue of intolerable cruelty.

To this remonstrance the plaintiff has demurred on three grounds. First, that some of the facts sought to be added were not admitted or undisputed; second, that some of said facts are not material or relevant; and third, that the subordinate facts in the report support the conclusion therein reached.

During argument of the demurrer counsel for the defendant conceded that the facts set forth in paragraphs six and nine of part A of the remonstrance were disputed at the trial and consequently were not proper subjects of remonstrance. In view of this concession paragraph seven of the remonstrance which appears to relate solely to the facts set forth in paragraph six becomes immaterial. Paragraph one thereof, while perhaps material to an issue of fraudulent contract, is immaterial to the issue of intolerable cruelty, which issue is the only one involved in the report against which remonstrance is made.

The remaining paragraphs of sub-section A are obviously intended as a basis for a claim that the request of the plaintiff for intercourse with the defendant after the operation in question was unreasonable in view of her physical condition at the time. The question of time in this connection, while perhaps not specifically fixed as to date, appears in the evidence to have been several months after the operation, and a reasonable inference to be drawn therefrom is that at this time the defendant's physical condition was such as to justify the request as made. In addition, it appears in the defendant's testimony that no such request was made by the plaintiff at any time after said operation. In other words, the facts set forth in paragraphs two, three, four, five and eight were not undisputed and therefore do not properly form the basis for remonstrance.

For the foregoing reasons the demurrer to part A of the remonstrance is sustained.

The demurrer to parts B and C of the remonstrance raises the question whether the facts as found in the report of the Referee constitute intolerable cruelty within the meaning of that term as applied to divorce cases. Cruelty includes any wilful act of a human being which inflicts unnecessary pain.

Jacobs vs. Jacobs, 95 Conn., 57 at 61. The character of such cruelty becomes intolerable when its cumulative effect upon the suffering victim becomes such that the public and personal objects of matrimony have been destroyed beyond rehabilitation. McEvoy vs. McEvoy, 99 Conn., 427 at 432. Whether such conduct is or is not unbearable depends upon its effect physical or mental or both upon the victim. Sweet vs. Sweet, 97 Conn., 693 at 694.

In the present case the facts set forth in the Referee's report appear to supply all the elements necessary to support a conclusion that the conduct of the defendant constituted intolerable cruelty within the meaning of the law. In arriving at this conclusion the Court is not unmindful of the decision in the case of Murphy vs. Murphy, 112 Conn., 417, but has given it careful consideration. In that case the Court was dealing with a situation where the facts were radically different from the present. There the conduct of the defendant respecting her sex relationship with the plaintiff was not involved. All that appears is that she was suffering from an incurable physical infirmity which rendered the consummation of her marriage impossible. In the present case, however, the defendant's conduct in respect to her sex relationship with the plaintiff is an important element. It appears that her physical infirmity was curable by a simple operation involving no particular danger; that notwithstanding this situation she persistently refused for a period of three years to submit to such correction; that while she subsequently submitted to an elimination of the defect and eventually was physically in a condition where normal sexual intercourse was possible, she denied the plaintiff such privilege except upon condition that he resort to a method which if followed would have resulted in the destruction of one of the main objects of matrimony. Further, it appears from the report that the cumulative effect of this conduct of the defendant rendered the plaintiff nervous, which physical condition reduced his working efficiency, and that after the defendant refused to have intercourse with the plaintiff except according to the conditions imposed, the parties separated.

In view of the foregoing, the demurrer to sub-sections B and C of the defendant's remonstrance is also sustained.