## PETRONELLA TAREILA
vs.
## MICHAEL TAREILA

Superior Court      New Haven County      File #52726

Present:   Hon. ROBERT L. MUNGER, Judge.

Walton E. Cronan,                    Attorney for the Plaintiff.

FitzGerald, Foote & FitzGerald,   Attorneys for the Defendant.

### MEMORANDUM FILED NOVEMBER 29, 1937.

MUNGER, J. · The truth lies with the plaintiff. As to this I have no manner of doubt. The plaintiff appears to be a woman of modesty and refinement. The defendant is emotional and excitable. This abundantly appears. The boy very evidently testifies with reluctance, but his testimony so far as it goes is in support of the plaintiff. The daughter appears to be a girl who has made something of herself by her own efforts. I cannot possibly believe that in her emphatic support of the story told by her mother she is not telling the truth. There is also in corroboration the testimony of Mr. Whitaker, who is a disinterested witness so far as it appears.

All this testimony taken together in very great measure overbalances the sole testimony of the defendant.

I think the domestic situation for many years is shown to have been intolerable. On one occasion the defendant kicked the plaintiff out of bed. On another by deliberate attack, according to her own testimony supported by that of Mr. Whitaker, he made an attack upon her with a stick which

broke her arm leaving it thereafter for three months in a cast. His testimony that during his residence in New York from 1931 to 1934 he sent seven thousand dollars is wholly incredible. Likewise his testimony is incredible that he discovered his wife and Mr. Whitaker in an embrace, it now appearing that Mr. Whitaker is engaged to the daughter.

There certainly have been shown acts of physical violence and a continual cursing and nagging, a long series of abuses, epithets the denial of which by the defendant is of no avail, and this has been followed by a marked recession in the plaintiff's health, requiring medical treatment. This seems to have followed as one might naturally expect. It seems to me abundantly clear that the conduct of the defendant extending over a long period of years did in fact constitute cruelty which was intolerable to the plaintiff.

I am not unmindful of the somewhat strict rule in this State which is followed in these cases. The duty of the Court is laid down in **McEvoy vs. McEvoy, 99 Conn.,** 427 and, as stated in that case, the Court should feel assured that the public and personal objects of matrimony have been destroyed beyond rehabilitation. I am abundantly convinced that this result has been reached by the conduct of the defendant.

Judgment is entered for the plaintiff. The custody of the minor child is awarded to the plaintiff.

The defendant appears to be earning at the present time an income of fifteen dollars ($15.00) per week. Alimony is awarded in the sum of eight dollars ($8.00) per week and the defendant is ordered to pay this sum to the plaintiff for her support and the support of the son, Paul, the daughter now being employed, until such time as the order may be further modified by the Court.