## FRANCIS X. McCURRY
### *vs.*
## LILLIAN H. McCURRY

Superior Court          Fairfield County          File No. 55322

MEMORANDUM FILED JULY 13, 1939.          126 Conn. 175

*Maurice J. Buckley,* of Stamford, for the Plaintiff.

*Keating & Keating,* of Stamford, for the Defendant.

CORNELL, J. The complaint alleges facts designed to support three distinct causes of action for a divorce, viz., desertion, intolerable cruelty and fraudulent contract. The state referee to whom the case was referred for a finding of facts has concluded in his report that the evidence adduced before him fails to sustain any of plaintiff's claims on the grounds asserted unless (1) there was intolerable cruelty as a matter of law or, (2) "unless the court is of the opinion that upon the facts as found the refusal of the defendant to consummate the marriage, constituted desertion." The plaintiff most insistently urges the affirmative of the last stated proposition and it is to that that the court's attention is here principally directed.

The instant phase of the proceedings presented for decision is a remonstrance filed by plaintiff. This in part "A" advances the contention that the referee failed to find certain subordinate facts which were admitted or undisputed and found others for which there was no evidence. These claims are without support in the transcripts filed in any material particular. In part "B", the court, in event that the report shall not be recommitted, is requested to add the alleged admitted and undisputed facts to the finding. For obvious reasons this cannot be granted. Moreover, such alleged facts, if added to those incorporated by the referee, would lack potency to alter the ultimate conclusions stated in the report. Accordingly, the remonstrance is overruled. The report is, therefore, accepted and judgment must be rendered. Practice Book (1934) §175. As to the claim of intolerable cruelty, there is palpably no basis offered for a conclusion that·this occurred as a matter of law. There remains the question whether the facts found by the referee with respect to the allegations in support of the ground of desertion require that a decree issue granting the divorce prayed for for that cause.

As to this, the referee's findings depict a marital career normal in every respect and devoid of justification for complaint upon the part of either party—except one, viz., the defendant wife's refusal, and persistence therein, to permit the exercise by the plaintiff of his so-called marital right. This condition of affairs continued from the date of the marriage on April 16, 1931, until plaintiff finally ceased living with defendant, on June 28, 1937. At no time during all this period was the marriage consummated. While it now appears that

defendant was afflicted with a certain physical condition which would have made indulgence in such relation practically impossible, the report states that that had no influence upon defendant's attitude. The latter, in so far as it is susceptible of explanation, seems to have resulted either from an aversion to the act or a disposition to prevent the conception of children due to religious differences between the parties. It results that the question arises: does a wife's constant and continuous refusal to have sexual intercourse with her husband during a period of three years, alone, constitute desertion within the comprehension of the statute (Gen. Stat. [1930] §5174)? This reads as follows: "The superior court may grant a divorce to any man or woman for any of the following causes....wilful desertion for three years with total neglect of duty...."

In determing this question the court is unable to take cognizance of those arguments which have been advanced, based upon philosophical considerations. Matters such as those, it must be presumed, were given full consideration by the General Court when, as early as 1677, a divorce *a vinculo matrimonii* was first authorized, for, among other causes, "willful desertion for three years with total neglect of duty." *Gould vs. Gould,* 78 Conn. 242, 260 (dissenting opinion of Justice Hamersley). As the language of this portion of the statute has remained identical ever since and during the period its meaning has been consistently announced or assumed in several opinions of the Supreme Court of Errors, it must be concluded that the General Assembly, during all that time has felt and up to the present, still considers, that the statute as worded and as it has been construed, states its policy on this important subject.

For analogous reasons, there is no occasion to endeavor to give effect to any of the decisions of the courts of other jurisdictions which—due in a degree, at least, to differing phraseology in pertinent statutes—divide on the question whether a continuous refusal on the part of a wife for a fixed period to concede the marital right to her husband alone constitutes desertion. 19 C.J. Divorce, §111; 17 Am. Jur. Divorce and Separation §§75, 108. This, because the subject of divorce in this state is wholly regulated by statute, the intendment of which expressions has been the subject of examination on more than one occasion. *German vs. German,* 122 Conn. 155, 160;

*Dunham vs. Dunham,* 97 id. 440, 443; *Steele vs. Steele,* 35 id. 48, 53, 54.   In so far as desertion is concerned, the elements of a cause of action have thus been defined as consisting of the following:   (1) cessation from cohabitation; (2) an intention on the part of the absenting party not to resume it; (3) the absence of the other party's consent, and (4) the absence of justification.   *Todd vs. Todd,* 84 Conn. 591, 593; *Dow vs. Dow,* 97 id. 488, 490.   *See, also, Bennett vs. Bennett,* 43 Conn. 313, 318; *Tirrell vs. Tirrell,* 72 id. 567, 570, 571.   It is obvious that the central one of these is the absenting of the offending party from the conjugal society of the other.   *Tirrell vs. Tirrell; Bennett vs. Bennett,* both *supra.*   The others are concerned with the conditions leading up to, surrounding or characterizing such absence.

This emphasis upon a complete separation of the parties for the statutory period accompanied with a design on the part of the one who has left the common abode not to resume cohabitation, is a *sine qua non* of a cause of action for desertion. *Tirrell vs. Tirrell; Bennett vs. Bennett,* both *supra.*   In the instant case that condition has not been met, for it appears that during the whole period of three years during which plaintiff contends his cause of action was accruing, the couple lived in the same apartment, occupied the same room and, so far as appears, defendant presumably performed every duty imposed upon her as plaintiff's wife save only that complained of.   Desertion, within the meaning of the statute, does not take place because of the failure of one of the parties to a marriage to perform some one or more of the duties arising from that status.   It occurs only—where the other elements are present—when for the period of three years there has been a continuous default in the performance of *all* of the essential duties of the marital relation.   *See Tirrell vs. Tirrell, supra,* 570, 571; *Spargo vs. Spargo,* 107 Conn. 406, 407; *Pettis vs. Pettis,* 91 id. 608, 611.

Although it may be said that inability to perform the sexual act, whether due to physical or other reasons, goes to "the very essence" of the marital relationship, yet the fact that one of the parties to a marriage is so afflicted before the union is solemnized, furnishes, in itself, no ground for divorce under our statute.   *Murphy vs. Murphy,* 112 Conn. 417, 418; *Vendetto vs. Vendetto,* 115 id. 303, 305; *Behrmann vs. Behrmann,* 110 id. 443, 446.   Such a condition, may, of course, in a particular case, form one of a set of subordinate facts which to-

gether would justify a finding of intolerable cruelty, desertion or fraudulent contract. But even in the case of fraudulent contract the existence of the condition alone will not suffice; it is the fraud upon the law as well as the other party, which results from its concealment or misrepresentation concerning it, which perfects a cause of action. *Behrmann vs. Behrmann; Vendetto vs. Vendetto; Murphy vs. Murphy,* all *supra.*

Where the lack of exercise of the marital right is the result of no physical barrier but of refusal of one of the parties to participate, there is always the chance that such an attitude may change or even if it does not, that the other party may condone or waive it. *Gould vs. Gould,* 78 Conn. 242, 261. Such a situation where cohabitation is continued can hardly be said, as a matter of law, to require a decree on the ground of desertion. "The statutory offense of desertion....contains in it the intent to put an end to the marital condition, and the intent never to renew it." *Tirrell vs. Tirrell,* 72 Conn. 567, 571.

However keen the discomfiture of the parties to a marriage, or either of them, or, however plain it may appear, that they should be relieved for the sake of their own welfare, or the good of society, from the bond that holds them together, the court is powerless to unloose the link except as their plight is the result of conduct upon the part of either of them which affords the other a cause of action on one of the grounds specified in the statute. *Murphy vs. Murphy,* 112 Conn. 417, 420. For no one has a vested right to a divorce. *Allen vs. Allen,* 73 Conn. 54, 55. The state does not dissolve marriage out of commiseration for the sufferings of the unhappily or unfortunately wed, but only in the public interests under such conditions and for such causes as the General Assembly may conclude best serves that purpose. *Dennis vs. Dennis,* 68 Conn. 186, 196, 197; *Seeley's Appeal,* 56 id. 202, 206; *Tirrell vs. Tirrell, supra,* 570. *See, also, McCarthy vs. McCarthy,* 123 Conn. 409, 411; *Barton vs. Barton,* 123 id. 487, 491.

The referee has found that the defendant did not desert the plaintiff, in fact. The court here is asked to say that she did so as a matter of law. For the reasons set forth such a conclusion is inadmissible.

Judgment for the defendant.