## MORTIMER WALL
### *vs.*
## FRANCES L. WALL

| Superior Court | New Haven County | File No. 58336 |
|---|---|---|

MEMORANDUM FILED MARCH 24, 1941.

*Thomas R. FitzSimmons,* of New Haven, for the Plaintiff.

*Franklin Coeller,* of New Haven, for the Defendant.

SIMPSON, J.  The plaintiff seeks a divorce on the ground of intolerable cruelty.  It is clear that beginning in 1929 and continuing to date the defendant has been an unwell woman, and affected with a nervous and mental disturbance.  During this time, at plaintiff's solicitation, she was placed in institutions on at least three occasions for care and treatment.  The defendant was aware of her condition, and always cooperated for the purposes of treatment.  At times, due to her nervous condition, she in all probability did and said things which irritated the plaintiff and affected his nerves.  However, it seems to the court that these trials of the plaintiff were such as he, as the husband, for the purposes of maintaining the marriage state, should reasonably bear.  "There are trials caus-

ing much weariness and suffering, which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance." *McEvoy vs. McEvoy,* 99 Conn. 427, 431; *Morehouse vs. Morehouse,* 70 Conn. 420, 427. It seems to the court that the instant case falls within the principles enunciated in the above cases. This conclusion would not be altered even if it were true that the defendant attempted to choke the plaintiff on two occasions when they were lying in bed, but the circumstances surrounding the alleged attempts to choke the plaintiff and the manner in which he claims the claimed attempts were made, make it altogether improbable that any such attempts were ever made. Certainly it cannot be found that the attempts were made, nor that the defendant ever attempted to strike her oldest son with a pair of scissors. It seems to the court that this plaintiff is attempting to "get from under" the burden which the law as well as his marriage covenant imposes upon him to provide for his wife in sickness or in health.

The case is, therefore, dismissed.