MARGARET M. RICHARDS *v.* JOHN L. RICHARDS

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 9, 1965—decided February 1, 1966

*William C. Bieluch* and *David M. Barry,* for the appellant (plaintiff).

*Arthur M. Lewis,* for the appellee (defendant).

MURPHY, J. The plaintiff and the defendant intermarried in 1939. She was then twenty-six years of age and he was forty. It was her second and his first marriage. In 1961, she brought suit for divorce on the ground of intolerable cruelty which the husband contested. After a lengthy trial, the court, with apparent reluctance, rendered judgment for the defendant, and the plaintiff has appealed.

The trial court was beset by many problems during a protracted trial as well as unnecessary complications in the preparation of the record on appeal. Flushed with his victory below and after the time to file a counterfinding had been reached,

the defendant dispensed with the services of the counsel who had so well and diligently represented him. The plaintiff's draft finding contained 409 paragraphs, which the court, without benefit of a counterfinding, had to laboriously cull in drafting a finding of 143 paragraphs of fact. Several of these paragraphs bear no relation to the question of cruelty. While the court found that the trouble between the parties was caused by the defendant's penny-pinching tactics and general penuriousness, it is impossible to see where his difficulties with the internal revenue department or his laxity as administrator of his father's estate bore any relation to his treatment of his wife. The plaintiff has assigned error in the refusal to include fifty-five paragraphs of the draft finding in the finding. Thirteen of these were abandoned in the brief, and eighteen more were withdrawn from consideration when the appeal was argued. None of the remaining twenty-four paragraphs were of facts which were admitted or undisputed, and they cannot be added to the finding. *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. The elimination of the two paragraphs of the finding which the plaintiff claims were found without evidence would be of no benefit to her. One is innocuous, and the other is detrimental only to the defendant.

We do not feel it necessary to give a detailed account of the many facts which the plaintiff maintains add up to a necessary conclusion of intolerable cruelty. The defendant, whose legal name is Giovanni Luigi Ricciardi, emigrated to this country from Italy as a young boy in 1907 and, except for about three years of elementary school, has spent his life here as a hard-working, industrious tobacco farmer. He has diligently and successfully expanded

his operations so that he is worth several hundred thousand dollars. In his deliberate dedication to the expansion of his tobacco acreage and his journey from rags to riches, he has, however, neglected to augment the standard of living for the family to keep pace with the increase in his worldly goods. In other words, he has not attempted "to keep up with the Joneses."

A careful review of the subordinate facts found by the trial court fails to substantiate the plaintiff's claim that the conclusion of the court that those facts did not constitute intolerable cruelty was illogical and thus an error of law. Failure of the defendant promptly to pay bills incurred by the plaintiff without his knowledge, his allowing the physical condition of the house to deteriorate, his sleeping in his underwear although in a separate bedroom, and a host of petty disagreements about money matters over the period of twenty years the parties lived together provided aggravating situations which made for much unpleasantness. But there is no evidence that any of the incidents of which the plaintiff complained were motivated by the intent of the defendant to be cruel to his wife.

Whether intolerable cruelty exists or not in a particular case is ordinarily a conclusion of fact for the trier to draw. Where not so drawn, it is only in exceptionally aggravated cases, where the mere statement of the evidential facts demonstrates the intolerable character of the defendant's alleged cruelty, that this court is warranted in treating that fact as established. *McEvoy* v. *McEvoy,* 99 Conn. 427, 430, 122 A. 100; *Purcell* v. *Purcell,* 101 Conn. 422, 426, 126 A. 353; *Beck* v. *Beck,* 102 Conn. 755, 129 A. 275; *Murphy* v. *Murphy,* 112 Conn. 417, 420, 152 A. 397; *Mercer* v. *Mercer,* 131 Conn.

352, 355, 39 A.2d 879; *Saunders* v. *Saunders,* 140 Conn. 140, 144, 98 A.2d 815; *Bloomfield* v. *Bloomfield,* 144 Conn. 568, 569, 135 A.2d 736; *Sentivany* v. *Sentivany,* 145 Conn. 380, 383, 143 A.2d 458. The finding does not recite any conduct of the defendant which was either intended by him to be cruel or was of such a character that an intent to be cruel must be inferred. We cannot hold as a matter of law that the plaintiff was entitled to a divorce on the ground of intolerable cruelty.

There is no error.

In this opinion the other judges concurred.