ELAINE H. SILVA *v.* WALTER W. SILVA

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 130637 F.R.

Memorandum filed October 21, 1969

*Abram W. Spiro,* of Danbury, for the plaintiff.

*William J. McGrath,* of Bridgeport, for the defendant.

FITZGERALD, J. This is a case in which the plaintiff wife is seeking a decree of divorce from her husband on the alleged ground of intolerable cruelty. General Statutes § 46-13. Service of process was had on July 11, 1967 (the date of the writ), and the case was made returnable to court on the first Tuesday of August, 1967. By way of answer the defendant husband, with the exception of the subject matter of one paragraph of the complaint, admits all of the allegations contained in the complaint. The paragraph which is put in issue by the defendant's denial reads: "The Defendant on divers days between May 1, 1958, and the date of this Writ, has been guilty of intolerable cruelty to the Plaintiff."

The parties intermarried at Danbury on June 9, 1945, and their marriage was productive of a daughter and a son, the daughter being born April 5, 1948, and the son October 12, 1953. From the inception of this litigation until the three-day trial in mid-September, 1969, and presumably until the

present time, the plaintiff and the defendant continued to live in their jointly owned home on Mansfield Street in the town of Bethel. They presently occupy separate sleeping quarters but on occasion have a meal together at home. While the minor son is still a member of the household, the evidence is not clear in this regard as to the daughter, who attained her majority in April, 1969.

At the trial it was made to appear that the plaintiff was forty-five years of age and the defendant forty-six years of age. In passing, it is noted that the plaintiff is an attractive woman; as a witness she was well spoken and appeared to be intelligent. It was the court's impression of the defendant that he is a somewhat solemn man who perhaps takes himself and life a bit more seriously than the average person in the present era; it may be said that he is a moderately successful man. As a parent, he cannot be assailed from any reasonable standpoint. He wants to hold his marriage together under circumstances which many men would have found personally intolerable.

In recent years the vast majority of divorce cases returned to the Connecticut Superior Court—and their numbers seem to increase with each passing year—go uncontested and by default on the part of defendants therein, be they the husband or the wife of the marriages in question. So, also, the ground on which these cases are brought, with relatively few exceptions, is that of intolerable cruelty. Because these cases in the main go by default, decrees of divorce are granted almost as a matter of course on a finding of intolerable cruelty under the statute, when actually the true circumstances of these cases give rise to incompatibility between the parties, a ground not recognized for divorce in the state of Connecticut. As a result, Connecticut attorneys, and even experienced and outstanding attorneys, tend

to lose sight of the degree and standard of proof required by a plaintiff in a contested divorce case. As the state of Connecticut has an interest in the marriages of its citizens, so also it has an interest in the granting or denying of divorce decrees by the judges of the Superior Court. On this aspect, the attention of counsel is invited to a reading of the opinions of our Supreme Court in two earlier cases, *Allen* v. *Allen,* 73 Conn. 54 (1900), and *Dennis* v. *Dennis,* 68 Conn. 186 (1896).

In another early case before our Supreme Court, *Morehouse* v. *Morehouse,* 70 Conn. 420, 427 (1898), it was said, in regard to cruelty of such a nature as to be intolerable and to render a continuance of the marital relation by the suffering victim impracticable: "Mere faults of temper and of manner do not constitute such cruelty. There are disagreeablenesses and trials causing much weariness and suffering which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance." In that case the wrongdoings of the defendant husband were innumerable, including the infecting of the plaintiff wife with a venereal disease in the act of sexual intercourse, from the effect of which she suffered for months, and thereafter, while still diseased, his insisting upon such intercourse, and attempting to accomplish his purpose by actual violence. In upholding the judgment of the trial court in granting the plaintiff wife a decree of divorce on the ground of intolerable cruelty, our Supreme Court continued to say, after that portion of the opinion already quoted: "But there are injuries and insults which are outside the pale of that covenant; submission to which was never contemplated, and which are not to be borne. No complete definition can be given, because the exhibitions of cruelty cannot be forecast."

In a comparatively recent case, our Supreme Court had this to say in upholding the judgment of the trial court, which had denied the plaintiff wife a decree of divorce on a finding that she had not sufficiently proved intolerable cruelty on the part of the defendant husband: "Whether intolerable cruelty exists or not in a particular case is ordinarily a conclusion of fact for the trier to draw. Where not so drawn, it is only in exceptionally aggravated cases, where the mere statement of the evidential facts demonstrates the intolerable character of the defendant's alleged cruelty, that this court [the Supreme Court] is warranted in treating that fact as established." *Richards* v. *Richards,* 153 Conn. 407, 409 (1966), and cases there cited.

The claim of the plaintiff wife that the fact that her husband, during the years of 1958 to 1960 or thereabouts, did work until late evenings in the cellar of their home in connection with work described as a "clipper service" undertaking, from which he received a remuneration, and did not have time for social amenities with persons who dropped in to visit constituted intolerable cruelty is rejected as being trite and not meriting further discussion. The claim of the plaintiff wife that the defendant husband struck her on an occasion the year and date of which she was uncertain—a claim denied by him —is likewise rejected.

Granting that there were occasions when the defendant husband resorted to crude speech, and to conduct which might be characterized as unpleasant, with respect to the plaintiff's relations with a certain man for whom she bought a trailer and registered it in a name other than her own, so that this man, then living apart from his wife, had a place to live, and with whom it is found that the plaintiff fre-

quently visited under solitary circumstances, in the aggregate there was provocation for such conduct on the part of the defendant husband. That is why the court remarked earlier in the manner in which it did when it stated that the defendant husband wanted "to hold his marriage together under circumstances which many men would have found personally intolerable."

Had the defendant husband filed a cross complaint seeking a decree of divorce in his own behalf, he might have prevailed. But no finding or other comment on this aspect is required. There is no cross complaint to be considered. During the trial, it was disclosed that a private detective engaged by the defendant was in the courtroom. He was not called as a witness by the defendant, although his presence was not concealed. Had the plaintiff wife been earnestly of the belief that the testimony of this detective would have been worthless as to any impropriety with the occupant of her trailer, surely her counsel in rebuttal would have called him as a witness. Such was not done. Actually, the testimony of the owner of the trailer camp known as the Shady Rest Trailer Camp, called as a witness by the defendant, and to whom the plaintiff paid the monthly rental for the occupancy of her trailer in the camp site through an indirect method, was sufficiently damaging to her.

In 24 Am. Jur. 2d 329, Divorce and Separation, § 174, it is stated (and see cases cited in footnote 2) : "Provocation is a defense in a divorce action, in the sense that it deprives the offended spouse of the right to complain of the provoked conduct. It is accordingly held that a complaining party is not entitled to a divorce where . . . [she] provoked and brought on the cruel treatment which . . . [she] relies upon as a ground for divorce."

In view of all of the foregoing, the plaintiff is denied a decree of divorce on the alleged ground of intolerable cruelty.

Accordingly, judgment is required to be entered, and is entered, for the defendant.