DWIGHT M. ATWOOD *vs.* WILLIAM P. JARRETT.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

What constitutes duress is a matter of law. Whether or not duress entered into a particular transaction is a question of fact.

A finding of an ultimate fact without any statement of the subordinate or evidential facts, or of the legal principles applied in reaching the conclusion, affords no material for an inquiry by this court into the propriety of the trial court's action in this particular.

An assignment of error respecting a matter of which no mention is made in the record does not properly present any question for the consideration of this court.

Submitted on briefs November 24th, 1908—decided January 7th, 1909.

ACTION to recover the amount of certain promissory notes and the daily penalties agreed upon in case of their nonpayment, brought to the District Court of Waterbury and transferred, upon motion of the defendant, to the Superior Court in New Haven County, where the cause was tried to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiff for .$2,342, and appeal by the defendant. *No error.*

*Ulysses G. Church,* for the appellant (defendant).

*Francis P. Guilfoile,* for the appellee (plaintiff).

PRENTICE, J.   There are only three assignments of error. The first two complain of the action of the court in not holding, as the answer set up, that there was such duress practiced by the plaintiff upon the defendant that the agreements sued upon would not be enforced.   What constitutes duress is a matter of law; whether or not it enters into a particular transaction is a question of fact.   *Galusha* v. *Sherman,* 105 Wis. 263, 81 N. W. 495.   The court has found that the plaintiff practiced no duress.   The record contains no finding of the subordinate facts and no statement of the legal principles applied in reaching its conclusion.   We are therefore left without material for an inquiry into the propriety of the court's action in this regard.

The record nowhere, either in the pleadings, finding, or elsewhere, discloses that the claim embodied in the remaining assignment of error was either presented to or passed upon by the court below.   It is therefore not properly before us for consideration.   *Sperry* v. *Butler,* 75 Conn. 369, 371, 53 Atl. 899; General Statutes, § 802.

There is no error.

In this opinion the other judges concurred.