ABBIE A. O'BRIEN *vs.* WILLIAM O'BRIEN.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

Unfounded charges of adultery are a sufficient basis for divorce on the
   ground of intolerable cruelty where they are made with such aggra-
   vation and persistency that their cumulative effect upon the
   victim's physical or mental health renders the continuance of the
   marital relation unbearable or destroys its public and personal
   objects beyond rehabilitation.
Conduct of the wife in the present case reviewed and *held* to justify the
   conclusion of the trial court that it constituted intolerable cruelty.

Argued May 7th—decided June 2d, 1924.

ACTION for a divorce upon the ground of alleged
intolerable cruelty, brought to and tried by the Superior
Court in Hartford County, *Maltbie, J.;* facts found and
judgment rendered for the defendant, both upon the
complaint and upon his cross-complaint for the alleged
intolerable cruelty of the plaintiff, from which the
plaintiff appealed. *No error.*

The finding discloses the following facts: The plain-
tiff and the defendant, each about seventy-five years
of age, were married March 8th, 1921. Some thirty
years before, the defendant had suffered a physical
injury which, in course of time, rendered him incapable
of sexual acts; just prior to the marriage, he told the
plaintiff of this and she married him with full knowledge
of the injury and his belief as to its effect upon his sex-
ual powers.

On or about the fifth day after their marriage, the
plaintiff told the defendant that she had discovered
evidence of his having had sexual relations with a
woman and accused him of that act. Thereafter the
plaintiff persistently and continuously accused the

defendant of immoral conduct with women, of driving in his motor-vehicle for such purpose, of going up town for such purpose, of having women in his home and in his garage for such purpose; such accusations being of almost daily and nightly occurrence during the period of six months that the plaintiff and defendant lived together as man and wife, except for a period of a week when she was at the Hartford Retreat, and another of about three weeks when the plaintiff remained continuously at home in the house. These accusations were wholly untrue and there was no basis whatsoever for them in the life, conduct or reputation of the defendant.

The plaintiff, however, believed that the accusations she made were true and that the defendant had deceived her with respect to his sexual incapacity and this belief persisted in the face of all the defendant could say or do to assure her of its untruth, amounting in fact almost to an insane delusion. The plaintiff, in making these accusations, became very excited and nervous, berated the defendant, and at times called him names, used profane language to him, and said that she would like to kill him.

The effect upon the defendant's health of the accusations made by the plaintiff and the situation resulting therefrom was very harmful; while she was making them and berating him on account of his supposed wrongdoing, he would become nervously unstrung, would beg her to desist and would often weep; he lost weight, became very nervous and excitable, and his health became seriously impaired; and at the time the plaintiff left him, as hereafter stated, he was on the verge of suffering a complete nervous breakdown.

The belief and accusations of the plaintiff as to the defendant's immoral conduct with other women were the only causes of differences between the plaintiff

and the defendant during their married life and except for them the plaintiff continued in the faithful performance of her household duties and the care of her home and of the defendant during all of the time that they lived together as husband and wife; nor, except in those matters, was the plaintiff ever cruel or unkind to the defendant.

On the other hand, the defendant did all that he could to assure the plaintiff that he was not leading an immoral life, and tried in every way to be kind and considerate to her and to make a success of the marriage relation.

Early in September, 1921, in the course of one of her verbal attacks upon the defendant, the plaintiff became very excited, and seized and threw a flower-pot at the defendant and was about to throw a sugarbowl at him, when he seized her wrist to prevent her; she then stated her determination to leave him, but he refused to let her go out of the house alone, believing that she was not in a fit physical and mental condition to do so, and for a brief time restrained her by force; the acts of the plaintiff did not cause any physical hurt or injury to the defendant. Shortly thereafter on that day the defendant took the plaintiff and her niece to the latter's home. The plaintiff has not returned to the defendant, nor have they ever lived together since that time.

The circumstances of the marital life of the parties above stated, the conduct of the plaintiff in leaving the defendant, the bringing and prosecution of the present proceeding, with its groundless charges of cruelty against the defendant, and his brooding over the situation have made it impossible for the defendant to contemplate the resumption of marital relations with the plaintiff as being possible, and any attempt at such resumption would probably result in a complete nervous breakdown on his part.

The plaintiff still persists in her belief that the defendant was guilty of immoral acts with other women while they lived together, and thinks that it would be impossible for her to resume marital relations with the defendant.

The conduct of the plaintiff to the defendant during their life together went beyond the bounds of that which the patient endurance of a husband ought to condone, and its cumulative effect has become such that the public and personal objects of the marriage have been destroyed beyond rehabilitation.

As a conclusion from the foregoing facts, the plaintiff has been guilty of intolerable cruelty toward the defendant, and the defendant is entitled to a judgment of divorce upon his cross-complaint.

*Birdseye E. Case,* for the appellant (plaintiff).

*Alexander W. Creedon,* for the appellee (defendant).

CURTIS, J.  The plaintiff appeals from the judgment granting the defendant's prayer in his cross-complaint for a divorce, upon the ground that the facts found do not warrant the conclusions of the trial court that the plaintiff had been guilty of intolerable cruelty toward the defendant and that he was entitled to a divorce. The plaintiff claims that the finding discloses no other ground for a divorce than unfounded accusations that the defendant had been guilty of adultery; and that such accusations are not a sufficient basis for a decree of divorce.

In several recent cases we have defined cruelty as a ground of divorce.  In *Van Guilder* v. *Van Guilder,* 100 Conn. 1, 122 Atl. 719, we said: "Intolerable cruelty has a subjective as well as an objective significance.  There must not only be proof of acts of

O'Brien *v.* O'Brien.

cruelty on the part of the offending party, but proof
that in their cumulative effect upon the other party,
they are intolerable in the sense of rendering the con-
tinuance of the marital relation unbearable by him."

In *McEvoy* v. *McEvoy,* 99 Conn. 427, 432, 122 Atl.
100, we said: "It is only when the cumulative effect
of the defendant's cruelty upon the suffering victim
has become such that the public and personal objects
of matrimony have been destroyed beyond rehabilita-
tion, that the condition of fact contemplated by the
intolerable-cruelty clause of the statute . . . should
be found to exist."

There are occasional statements in cases to the effect
that unfounded charges of adultery do not constitute
such cruelty as to warrant granting a divorce.  A
review of the cases, however, indicates that where un-
founded charges of adultery are made with such
aggravation and persistency, that their cumulative
effect upon the victim is such as to endanger his physi-
cal or mental health, rendering the continuance of the
marital relation intolerable, or such as to destroy
the public and personal objects of matrimony beyond
rehabilitation, they are a sufficient basis for a divorce.
18 L. R. A. (N. S.) 300 and note; *Evans* v. *Evans,* 1
Hagg. Consist. Rep. 35.

The facts disclose that the unfounded accusations of
adultery made by the plaintiff in the present case, were
made with such aggravation and persistency as to
endanger the mental and physical health of the defend-
ant, rendering the continuance of the marital relation
intolerable and amply justifying a divorce under the
rules of law stated above.

In the case of *McEvoy* v. *McEvoy, supra,* in dealing
with the conduct of a party to a marriage which will en-
title the other party to a divorce for intolerable cruelty,
we say that "to constitute ground for divorce, the

cruelty complained of must be of such a nature as to be intolerable, and to render a continuance of the relation by the suffering victim impracticable." The court has found in the instant case that the cruelty complained of was intolerable to the victim, and a continuance of the marital relation by him is impracticable. A mere review of the facts found as set forth above demonstrates the intolerable character of the plaintiff's cruelty, and shows that it amounts to "a practical annulling and repudiation of the marriage covenant," and is "necessarily inconsistent with a reconciliation and a resumption of cohabitation as husband and wife."

The condition of fact called "intolerable cruelty" by the statute has been found by the trial court to exist as a reasonable and logical conclusion from the subordinate facts. Such conclusion forms a sufficient basis for the ruling that the victim is entitled to a divorce.

This ruling does not impair the statement in the *McEvoy* case that "there are trials causing much weariness and suffering, which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance."

In the instant case "the cumulative effect of the plaintiff's cruelty upon the defendant has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation," and the condition of fact contemplated by the intolerable-cruelty clause of the statute have been properly found to exist.

There is no error.

In this opinion the other judges concurred.