FRANK SWIST vs. ETHEL MARX SWIST.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A finding made on conflicting evidence will not be corrected on appeal, for it is beyond the province of this court to weigh testimony or determine the credibility of witnesses.

A judgment based upon facts found by the trial court but not involved in the issues raised by the pleadings is erroneous and

cannot be upheld, nor is the appellant precluded from taking advantage of such a defect upon appeal by failure to demur or object to the admission of evidence. But this rule had no application to the present action for divorce where various acts of intolerable cruelty found by the trial court to have been committed by the defendant were within the issue raised by the general allegation of such cruelty even though they were additional to those enumerated in the complaint and more specific statement; and, therefore, the defendant, by omitting to raise the point in the trial court, waived the irregularity which was, at most, merely a too general statement of the cause of action.

A conclusion as to whether intolerable cruelty exists in a particular case is ordinarily one of fact to be drawn by the trial court, but if it is legally or logically inconsistent with the subordinate facts, it involves an error of law and is reviewable on appeal.

The conduct of a wife toward a husband, though cruel, does not constitute a ground for divorce unless it also appears that its cumulative effect upon the husband has rendered the continuance of the marriage relation unbearable by him.

The trial court found that the wife in the present case neglected her home, her personal appearance and her husband's children, used vile and abusive language in public and in the presence of the children, threw dishes and other missiles at him, refused to cohabit with him, and by these and other acts caused him such distress of mind and body that he lost weight and was compelled to seek medical advice. *Held* that these facts supported the trial court's conclusion that the wife had been guilty of intolerable cruelty.

Argued January 25th—decided February 28th, 1928.

ACTION for a divorce upon the ground of intolerable cruelty, brought to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Philip Troup,* for the appellant (defendant).

*Philip Pond* and *Nathan G. Sachs,* for the appellee (plaintiff).

HAINES, J. The defendant-appellant asks numerous changes in the finding and brings before us all the

evidence for our inspection. She first requests (a) that twelve specified paragraphs of the finding be stricken out. These all relate to claimed acts of cruelty on the part of the defendant and in large part are based on the plaintiff's own statements upon the stand, some of them supported more or less fully by the plaintiff's witnesses, and nearly all of them flatly contradicted by the defendant herself. It is apparent from reading the entire evidence, that the trial court believed the plaintiff and disbelieved the defendant. A check of each of these findings shows none which is not supported by some evidence, and the claim to strike out cannot therefore be granted.

The second request (b) seeks to substitute thirteen paragraphs of the draft-finding for twelve of the paragraphs of the finding. These relate to the description of the parties, their marriage and various particulars of their life together, their separation and subsequent events. Some of these are purely evidentiary and many are of little importance in their bearing on the main question. The matter sought to be substituted is essentially the defendant's version of the same incidents. In so far as additional facts are furnished, we find none of sufficient importance to require their addition. As in the first claim (a) the trial court found it necessary to decide whether the plaintiff's or the defendant's version was the more credible and accepted that of the plaintiff, and the transcript of testimony discloses evidence in each instance to support the finding. Such deductions as the trial court has incorporated in these paragraphs are logically and reasonably drawn from the subordinate facts. We would not be justified in granting this request, with the single exception of that portion of the fifth paragraph which relates to the defendant's separation from her first

husband. This is not supported by evidence and is stricken out.

The third request (c) is to strike paragraph ten from the finding, which is the substance of the plaintiff's testimony concerning the preparation of the family meals, and it is again sought to substitute the defendant's own statement of that matter. These findings are supported by the testimony of the plaintiff and his witnesses and we must accept it as the ·trial court's decision of the question of credibility. It is beyond our province to weigh evidence and decide questions of this character. *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 537, 129 Atl. 527; *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599, 609, 42 Atl. 667; *Atwater* v. *Morning News Co.,* 67 Conn. 504, 525, 34 Atl. 865; *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 Atl. 165.

The fourth request (d) as to what was "noticed" in regard to the condition of the house, is unimportant, and the same is true of the sixth request (f).

The fifth request (e) is that the words "so far as appeared never abused his wife," be stricken out. While a finding in this form is objectionable, its inference is supported by the testimony of both the parties and others, and so far as we can find, nowhere disputed.

The remaining reasons of appeal raise two questions for our consideration. One of these is whether the trial court could legally include in the finding subordinate facts which are "not averred in the complaint and more specific statements of the plaintiff," thus making such facts the basis in part for the judgment rendered. It is pointed out, and with truth, that the facts found as to the defendant's neglect of her personal appearance and of the home, the improper care of the children, her public verbal abuse of the plaintiff, and her refusal to cohabit, are not specifically referred to in the

Swist *v.* Swist.

complaint and more specific statement of the plaintiff. It is the contention of the defendant that this should remove at least ten of the paragraphs of the finding as erroneous, and *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 35 Atl. 266, is cited in support of that claim. In that case we stated a fundamental rule to the effect that a judgment supported by facts which are not involved in the issues raised by the pleadings is erroneous, and that the losing party may assert and take advantage of such error even though no demurrer was filed or objection offered to the evidence. The facts referred to in the present case were based upon evidence which came in without objection, and it was evidence which was relevant to the issue of intolerable cruelty alleged in the complaint and specifically denied in the answer, thus raising that issue in its entirety. But whatever advantage could have been taken of this situation by seasonable action in the trial court, it has clearly been waived by failure to do so. Further, the defendant cross-examined the plaintiff's witnesses and produced witnesses of her own upon these matters; nor was any motion made to strike the evidence from the record. She not only did not object to the making of findings on this ground, but asked for the insertion of her own version of them, and she now raises an issue not brought to the attention of or ruled upon by the trial court.

Going to trial without objection, waives a too general statement of the cause of action, and objections as to the admission of evidence must be made in the trial court and ruled upon; unless this is done, they are not matters for consideration in the appellate court. *Sperry* v. *Butler,* 75 Conn. 369, 371, 53 Atl. 899; *Atwood* v. *Jarrett,* 81 Conn. 532, 533, 71 Atl. 569; *Boardman Realty Co.* v. *Carlin,* 82 Conn. 413, 415, 74 Atl. 682; *Donovan* v. *Davis,* 85 Conn. 394, 396, 82 Atl.

1025; *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 49, 92 Atl. 682; *Jordan* v. *Apter*, 93 Conn. 302, 105 Atl. 620.

It may be said generally, that facts found, not within the issues, will not support a judgment, but facts found within the issues as, *e. g.*, intolerable cruelty, will support the judgment even though the facts are additional to those contained in the specific statement, especially when they come in without objection.

This leaves one controlling question, viz., whether the established facts are sufficient to support the conclusion of the trial court that the defendant was guilty of intolerable cruelty entitling the plaintiff to a divorce.

This is ordinarily a question of fact to be determined by the trial court from the established subordinate facts. *McEvoy* v. *McEvoy*, 99 Conn. 427, 122 Atl. 100.

But this conclusion, whether so designated by the trial court or not, may become an error of law and reviewable, if claimed to have been illegally or illogically drawn from such subordinate facts, which is essentially the claim made on the present appeal. *Hayward* v. *Plant*, 98 Conn. 374, 379, 380, 119 Atl. 341; *Kugel* v. *Angell*, 74 Conn. 546, 550, 51 Atl. 533.

The term "intolerable cruelty" as used in our statute involves two distinct elements, and the acts which are claimed to constitute it must be, either singly or in combination, not only cruel but intolerable. Speaking generally, a wilful act of a human being which inflicts pain upon another, is cruel. An act or a series of acts may fall clearly within that definition without being fairly characterized as intolerable, and such acts must be borne by the parties to the marriage contract with such patience as they may. This accords with the long established policy of this State which regards marriage as a life *status* and indissoluble save for such causes as

in effect repudiate and annul the marriage covenant. These causes are specified by our statute law and include intolerable cruelty. General Statutes, §5280.

Though cruel acts may not be individually intolerable, yet if they are manifestations of a persistent and consistent cruel conduct, they may in their cumulative effect, become unbearable and intolerable and justify the termination of the marriage relation. *Morehouse* v. *Morehouse,* 70 Conn. 420, 427, 39 Atl. 516; *Jacobs* v. *Jacobs,* 95 Conn. 57, 61, 110 Atl. 455; *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3, 122 Atl. 719.

"Intolerable cruelty has a subjective as well as an objective significance. There must not only be proof of acts of cruelty on the part of the offending party, but proof that in their cumulative effect upon the other party, they are intolerable in the sense of rendering the continuance of the marriage relation unbearable by him." *O'Brien* v. *O'Brien,* 101 Conn. 80, 83, 84, 124 Atl. 816; *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3, 122 Atl. 719.

It appears from the finding that, beginning within a year after the marriage, the defendant neglected her personal appearance and the household, used vile and abusive language, often in the presence of plaintiff's children, as well as similar verbal abuse of the plaintiff and his friends in public, caused more or less physical injury to him by throwing dishes and other missiles at him, absented herself from the home and neglected the children, and, beginning about seventeen months after the marriage, absolutely refused to cohabit with the plaintiff.

The trial court has found that the cumulative effect of these and other acts enumerated, was the great humiliation of the plaintiff and great distress of mind and anxiety so that he lost weight and sought and received medical advice as a result.

Jennings Co., Inc. *v.* DiGenova.

The conclusion that this was intolerable cruelty, is legally correct as well as logical and reasonable, and must be sustained.

There is no error.

In this opinion the other judges concurred.