TELLEY E. BABCOCK *vs.* MARY ELIZABETH BABCOCK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided August 1st, 1933.

*Josiah H. Peck* and *L. H. Biglow,* for the appellant (defendant).

*Thomas M. Shields,* for the appellee (plaintiff).

BANKS, J.   The finding, with such corrections as can justifiably be made, discloses the following facts: Plaintiff and defendant were married in 1906.   After nine years of reasonably harmonious married life, the defendant became jealous of the plaintiff and persistently and with increasing frequency accused him of immoral conduct with various women.   Frequently when making these accusations she lost control of herself, berated the plaintiff, and on occasions struck him and threw things at him.   The charges were often made at meal times in the presence of their children.   The defendant was told by people with whom she had talked about her charges against her husband to dismiss them from her mind, but her accusations continued as persistently as before.   As a result of these charges and the frequency and persistency of them, and the publicity given them, the plaintiff's nerves became upset, he lost weight, suffered mentally and physically and was greatly worried and unable to

attend to business. In no instance did the defendant have any basis upon which to found her accusations, and no reasonable person could have entertained them under the circumstances.

The defendant denied that she had accused the plaintiff of improper relations with anyone other than a Mrs. Richardson, who was secretary of the Norwich Grange of which the plaintiff was an official. In November, 1930, Mrs. Richardson, the plaintiff and three other persons went in the plaintiff's car to a national convention of the Grange held at Rochester, New York, and then to Niagara Falls, staying overnight at various places as occasion required. The defendant, in a special defense of her answer in this action, alleged that the plaintiff committed adultery with Mrs. Richardson at Rochester and Niagara Falls upon this trip, and has brought an action against Mrs. Richardson for alienating the affections of the plaintiff, in which she alleges immoral relations with him. The court found that the party was composed of respectable persons, that their conduct upon the trip was circumspect and proper in every way, and that the evidence involving the relations of the plaintiff with Mrs. Richardson furnished no basis for even a suspicion of improper relations of any character whatever. Shortly after this trip there came a family quarrel and the plaintiff left home and did not return to live with the defendant.

Many paragraphs of the finding are attacked as found without evidence or upon the uncorroborated evidence of the plaintiff. While it is true that, in uncontested cases, courts will not ordinarily grant divorces upon the uncorroborated evidence of the parties, the court, if it believed the plaintiff, was justified, upon the conflicting evidence in this case, in finding facts in accordance with his testimony, though it was not corroborated by that of other witnesses. The foregoing

facts found by the court were either directly supported by the evidence or were inferences which it could logically draw from the subordinate facts. Of the latter character was the court's finding that the evidence furnished no basis for even a suspicion of improper relations between the plaintiff and Mrs. Richardson, which finding was not attacked in the defendant's assignments of error.

We have held that "where unfounded charges of adultery are made with such aggravation and persistency, that their cumulative effect upon the victim is such as to endanger his physical or mental health, rendering the continuance of the marital relation intolerable, or such as to destroy the public and personal objects of matrimony beyond rehabilitation, they are a sufficient basis for a divorce." *O'Brien* v. *O'Brien*, 101 Conn. 80, 84, 124 Atl. 816; see also Annotations in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360; 51 A. L. R. 1191.

The court has found that the cumulative effect of the defendant's conduct has become such that the public and personal objects of the marriage have been destroyed beyond the possibility of rehabilitation. We cannot say that this was not a reasonable and logical conclusion from the subordinate facts found. If so, it formed a sufficient basis for the further conclusions of the court that the defendant has been guilty of intolerable cruelty and that the plaintiff is entitled to a divorce.

There is no error.

In this opinion HAINES, HINMAN and AVERY, Js., concurred.

MALTBIE, C. J. (dissenting). A comparison of the finding with the evidence discloses that a considerable

number of the material facts found are supported by no evidence and that others present the situation disclosed by the evidence in so exaggerated a manner that they cannot be justified. We must assume that the finding states the facts upon which the trial court based its conclusion that the defendant had been guilty of intolerable cruelty. If the finding were corrected as it should be, the situation presented would be so different from that upon which the trial court reached its decision as to invalidate the judgment. The case ought to be remanded for a new trial. *Nichols* v. *Manchester,* 82 Conn. 619, 74 Atl. 935; *Haugh* v. *Kirsch,* 105 Conn. 429, 433, 135 Atl. 568; *Lowe* v. *Hendrick,* 86 Conn. 481, 484, 85 Atl. 795.