## CARMEL DRUMM
### *vs.*
## CLARENCE DRUMM

Superior Court        New Haven County        File No. 52617

MEMORANDUM FILED FEBRUARY 8, 1939.

*Walter J. McCarthy,* of New Haven, for the Plaintiff.

*Alfred E. DeCapua,* of New Haven, for the Defendant.

BOOTH, J.   The plaintiff and the defendant were married on November 23, 1926.   For a few years they apparently lived together in comparative peace at Albany, N. Y., although from the beginning the defendant failed to provide adequately for the support of the plaintiff, thereby compelling her to seek employment as a housemaid.   The evident reason for his failure was not due to his lack of employment, but rather to his proclivity for gambling, as a result of which the money earned by him was diverted to that channel rather than to the support of his wife.

About 1928 a child was born to the parties, but this event did not seem to change the defendant's attitude in respect to his duty of support and in 1932 the plaintiff was obliged to hale him into court at Albany upon a charge of nonsupport. This situation did not seem to affect the relationship of the parties as they lived together thereafter, and another child was born to them.

In 1933 they moved to Schenectady, N. Y., where the defendant secured employment but continued to gamble.   At this time he was arrested for illegal voting and later was sought by the criminal authorities upon charges of forgery, of which charges he admits he was guilty.   Knowing that he was thus sought he took from the plaintiff $40, which was all the money she had, and disappeared from Schenectady, leaving her and the children in a destitute condition.   As a result of his disappearance and her financial condition, the plaintiff was obliged to seek aid of the humane society and to place her older child in its care.   Shortly thereafter she came to New Haven with the two children and took up her residence with her mother who, with the aid of other relatives, supported the plaintiff and her children for some time.

In 1933 or 1934 the defendant came to New Haven, sought out the plaintiff and their children, and they resumed their former relationship, living in various places in New Haven but frequently moving because of the defendant's failure to pay their rent.   While thus living the defendant worked for the F.E.R.A. and the family obtained charitable relief aid.   During this period of time the defendant again committed forgery and was sought by the New Haven police.   Because of this the defendant again left his wife and children for several months without any support.   As a result of their destitute condition the Humane Society of Connecticut, with the consent of the

plaintiff, took the two children to the Community Center temporarily.

In March, 1935, the defendant returned to New Haven, at which time he was apprehended by the police, taken to New York State where he was confined in jail for 11 months on the first forgery charge, after which he was returned to Connecticut and was confined at the New Haven county jail for a period of four months on the second forgery charge.

In addition to the above, the defendant while living with the plaintiff violently assaulted her on several occasions by striking her upon the face, head and body, and by attempting to hit her with a revolver and another missile. The cumulative effect of these and the other acts enumerated above caused the plaintiff great humiliation, distress of mind and anxiety so that she lost weight and suffered a nervous breakdown.

After the defendant's incarceration in jail in March, 1935, the plaintiff, with the aid of friends and of charitable organizations, manged to support herself and children, whom she subsequently took from the Community Center.

Upon his release from jail in the summer of 1936 the plaintiff refused to live with the defendant because of his former treatment of her and their children. Since that time the defendant has paid to the plaintiff but $200 by way of support for his children, and that only by virtue of a criminal court order. During this period the defendant has repeatedly annoyed and humiliated the plaintiff by appearing at her home and creating various disturbances.

In view of the foregoing and all of the other evidence in the case, the conclusion is that the conduct of the defendant toward the plaintiff constituted intolerable cruelty within the meaning of the law as laid down in Swist vs. Swist, 107 Conn. 484, and other Connecticut cases. The defendant is engaged at the present time and earns approximately $15 dollars weekly.

In so far as the cross complaint is concerned, there was no reliable testimony from which the court could reasonably, justly and legally conclude that either ground thereof should be sustained.

It is, therefore, ordered that judgment be rendered for the plaintiff upon the issues of the cross complaint; that judgment be rendered for the plaintiff decreeing a divorce upon the issues

of the complaint; that the custody of the two minor children be awarded the plaintiff subject to a right in the defendant of reasonable visitation upon said children; and that the defendant pay the plaintiff five ($5.00) dollars weekly for the support of said children.