THERESA SUFFREDINI *v.* JOHN SUFFREDINI

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 80695

Memorandum filed October 16, 1957.

*Joseph Shelnitz,* of New Haven, for the plaintiff.

*Harold F. Rosen,* of New Haven, for the defendant.

FitzGerald, J. Plaintiff, the wife of the defendant, alleges in her complaint that the defendant deserted her without cause on September 3, 1954, and has neglected thereafter to render support. Her complaint is in equity and in effect seeks the entry of an order for future support. For answer the defendant admits and denies the various allegations recited in the complaint and, by way of cross complaint, seeks a divorce from the plaintiff on the statutory ground of intolerable cruelty.

The following facts, deemed pertinent to the plaintiff's case and that of the defendant, are either undisputed or find support in the evidence as a whole: The parties intermarried at New Haven on July 4, 1953, and have lived in New Haven to date hereof. On September 3, 1954, after fourteen months of living together, the defendant left the plaintiff, and has since resided apart from her. Almost from the outset, their married life together was one of turmoil. The plaintiff persistently nagged the defendant. Eventually she made declarations to him as follows: "I can do well enough without you"; "All I want is my flat and furniture"; "You don't act like a man or look like a man." As time went on the plaintiff accused the defendant of intimacy with other women. Such accusations were unfounded and unjustified and distressed the defendant in mind and in spirit. A pre-existing heart condition dating from 1951 and difficulty with his back did not constitute the defendant the most robust of men. His general health and state of mind became adversely affected. The point was reached when the defendant could no longer withstand the plaintiff's verbal tirades. So it was that on September 3, 1954, he left the plaintiff.

Physically, emotionally and mentally he could no longer "take it," as the expression goes. There are no children of the marriage.

As observed by the court, the plaintiff is of more rugged fiber than is the defendant. The parties are definitely mismated and unsuitable to each other in the basic sense of that expression. On the witness stand each declared that there no longer existed any affection of one for the other and that neither desired to live again with the other. Both are in their early thirties.

It is the court's considered opinion that the case of *O'Brien* v. *O'Brien,* 101 Conn. 80, is sufficient authority for granting a decree of divorce on the cross complaint of the defendant husband. A note in 143 A.L.R. 624, citing the *O'Brien* case and *Babcock* v. *Babcock,* 117 Conn. 310, as well as innumerable cases of other jurisdictions, has this to say: "[I]t is recognized in the great majority of the cases that the making of false accusations of adultery or unchastity may of itself, where the requisite degree of suffering is caused thereby, constitute cruelty authorizing the granting of a divorce or separation even in the absence of other misconduct recognized by the courts as constituting cruelty."

In 17 Am. Jur. 299, § 66, it is stated that false and unfounded accusations of misconduct directed against a wife are inclined to be weighed more seriously. The *O'Brien* and *Babcock* cases, supra, demonstrate that in Connecticut a husband may be accorded a standing on the ground of intolerable cruelty when such false and unfounded accusations are hurled at him by a wife.

The facts in the case at bar make operative the following principle of law stated in the *O'Brien* case, supra, 84, and quoted in the *Babcock* case, supra, 313: "[W]here unfounded charges of adultery are

438

made with such aggravation and persistency, that their cumulative effect upon the victim is such as to endanger his physical or mental health, rendering the continuance of the marital relation intolerable, or such as to destroy the public and personal objects of matrimony beyond rehabilitation, they are a sufficient basis for a divorce" (citing 18 L.R.A. [N.S.] 300 and note; *Evans* v. *Evans,* 1 Hag. Con. 35).

To go no further, it is clear that the defendant is entitled to a decree of divorce on his cross complaint. This finding dictates that the issues should be, and are, also resolved for the defendant on the plaintiff's complaint. In view of the outcome of the case on the cross complaint, the plaintiff must necessarily be denied an order for future support. The marriage should be, and is, dissolved. Judgment may enter pursuant to the foregoing.