### EVELYN COSTELLO v. JOHN J. COSTELLO

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 91017 F.R.
AT NEW HAVEN

Memorandum filed April 18, 1960

*Jack B. Talsky,* of New Haven, for the plaintiff.

*Louis Feinmark* and *Irving Smirnoff,* both of New Haven, for the defendant.

FITZGERALD, J. The plaintiff wife has brought this action seeking a decree of divorce against the defendant husband. The alleged ground is that of intolerable cruelty. The case came before the court as a contested case. There are minor children of the marriage.

What was said by Justice Hamersley in 1898 in *Morehouse* v. *Morehouse,* 70 Conn. 420, 427, regarding intolerable cruelty as a ground of divorce, is still applicable to our law on the subject: "Mere faults of temper and of manner do not constitute such cruelty. There are disagreeablenesses and trials causing much weariness and suffering which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance. But there are

injuries and insults which are outside the pale of that covenant; submission to which was never contemplated, and which are not to be borne. No complete definition can be given, because the exhibitions of cruelty cannot be forecast."

The question thus presented is ordinarily one of fact; *Swist* v. *Swist,* 107 Conn. 484, 489; and is definitely one of fact on the offers of proof submitted by the parties.

No Connecticut case of record supports the proposition that the mere wrangling over money matters constitutes intolerable cruelty. Hence the plaintiff's claim in this regard has no standing. From the evidence as a whole, the court cannot find that the defendant has directed abusive conduct against the plaintiff. The burden of so proving is upon the plaintiff as the moving party. That the plaintiff desires freedom from her marriage is not enough. Actually, this is the real basis of her action. The court cannot assist her.

The plaintiff is denied a decree of divorce. Judgment may so enter.