MARY C. NELSON *v.* DAVID L. NELSON

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. J 5975
AT NEW HAVEN

Memorandum filed July 18, 1960

*Frank Crapanzano,* of New Haven, for the plaintiff.

*Joseph Shelnitz,* of New Haven, for the defendant.

FITZGERALD, J.   The plaintiff wife seeks a decree of divorce on her complaint as amended, and so also does the defendant husband on his cross complaint. The alleged ground common to both pleadings is that of intolerable cruelty.   In an amendment to her complaint, the plaintiff alleges adultery on the part of the defendant as an additional ground.

As to the claim of intolerable cruelty made by each party against the other: Perhaps no better explanation of the comprehensive scope of the expression "intolerable cruelty" as applied to the marriage relationship when tested in a divorce action brought on that ground can be found than that stated by Justice Hamersley in 1898 in *Morehouse* v. *Morehouse,* 70 Conn. 420, 427. The attention of counsel is invited to what Justice Hamersley said on the subject in the case cited. There are two divisions of the subject, one concerning matters which do not constitute such cruelty, while the other does. The ultimate question presented is ordinarily one of fact. *Swist* v. *Swist,* 107 Conn. 484, 489.

It is the considered opinion of the court that neither party has sustained the required burden of proof as to the existence of such cruelty. That they are incompatible is clear. But unlike the statutory law of certain states, incompatibility is not a ground of divorce in Connecticut. The case of *Suffredini* v. *Suffredini,* 20 Conn. Sup. 435, urged by the defendant in support of his claim of intolerable cruelty on the part of the plaintiff, is factually dissimilar. Granting that the plaintiff was a nagger, her failing in this regard was of a character produced in large measure by a nervous disposition which the defendant and other countless husbands are required to endure. Moreover, it is found that the defendant himself tended to inflame the plaintiff to the role of a nagging wife.

As to the claim of adultery made by the plaintiff wife against the defendant husband in an amendment to her complaint: It is found that on the early morning of July 5, 1959, police officers of the city of New Haven discovered the defendant and a Mrs. C., a widow, sleeping together in a bed in a bedroom of the latter's apartment. See copy of police report introduced in evidence by the defendant and marked

defendant's exhibit 1. That the defendant and the woman in question sought to recant at the trial various statements therein did not impress the court. When presented before the City Court of New Haven as a result of this incident, both pleaded guilty to the charge of lascivious carriage. Compare the factual situation disclosed in *Zeiner* v. *Zeiner,* 120 Conn. 161. In the case at bar, the situation if anything is more damaging to the defendant because of certain admissions by him disclosed in the police report. The case cited is confined to proof of adultery, based on circumstantial evidence, which was upheld on appeal. The infidelity of the defendant in the case at bar is not predicated on circumstantial evidence alone.

The defendant contends that a finding of adultery on his part cannot be sustained in this action for divorce because the criminal statute (General Statutes § 53-218) relating to adultery only has reference to sexual intercourse between a man and a married woman; that the status of Mrs. C., a widow, is that of an unmarried woman; and that therefore adultery in law and in fact could not be committed by him with her as his partner. It is true that the statute authorizing the granting of a divorce on the ground of adultery (§ 46-13) does not define the offense. The answer to this interesting point is to be found in 17 Am. Jur. 279, § 34, wherein it is said: "The crime of adultery at common law can be committed only upon the person of a married woman, but as a ground for divorce under both the canonical law as administered in the ecclesiastical courts and under the general terms of the statutes, adultery includes sexual intercourse between the husband and a woman other than his wife, although such woman is unmarried."

To go no further, the plaintiff wife is held to prevail on the allegation of adultery contained in her

complaint as amended, and she is awarded a decree of divorce on that ground. All that remains to be considered is custody of a daughter still under twenty-one years, and alimony. The minor daughter, Janice, born September 28, 1942, was graduated from high school this June. She is not going forward with higher education and is, or should be, self-employed. She is regarded as emancipated, and her custody need not be considered. Although she has been living with her mother, her affections and devotion are to her father. If for any reason she becomes unemployed before the age of twenty-one years and requires the entry of an order of custody and support, such can be considered on application at a later time.

The parties each own an undivided one-half interest in certain property located in New Haven, with right of survivorship. The lot was a gift to them by the plaintiff's mother years ago. The house now situated thereon was built by the joint physical and financial efforts of both the plaintiff and the defendant. At the trial, it was said that the property as of today (lot and house) has a market value between $10,000 and $12,000.

In a divorce action the relief granted, if relief is granted, "is essentially equitable in its nature." *Kelsall* v. *Kelsall,* 139 Conn. 163, 167; *Lee* v. *Lee,* 145 Conn. 355, 359. Under the statute (§ 46-21), an award of alimony may take the form of an assignment of part of the husband's estate, or an award of periodic payments from income, or an award of both types. See *Elmore* v. *Elmore,* 138 Conn. 408, 410, and the recent case of *Harrison* v. *Union & New Haven Trust Co.,* 147 Conn. 435, 438, decided June 14, 1960, by our Supreme Court. The court assigns to the plaintiff as alimony all of the defendant's interest in the property standing in their joint names on Hemingway Place, New Haven, as more fully

described in a quitclaim deed to them by Girolana Guzzio, recorded March 29, 1938, in volume 1364 on page 428 of the New Haven land records. All right, title and interest in said property owned by the defendant is decreed to pass to the plaintiff under the provisions of § 52-22 of the General Statutes; a certified copy of this decree is to be recorded on the land records of New Haven pursuant to said statute, to effectuate the mandate of the court. In addition, the defendant is to pay to the plaintiff the sum of $10 a week from income.

A decree may enter granting the plaintiff a divorce on the ground stated, and denying the defendant a divorce in his favor, with an award of alimony to the plaintiff as above specified.