STATE OF CONNECTICUT *v.* RUSSELL V. GUILLET

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-25740

Argued September 13—decided November 4, 1965

*Harry R. Traystman,* of New London, for the appellant (defendant).

*Walter H. Prescott,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was charged, in an information containing two counts, with (1) operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a of the General Statutes and (2) reckless driving in violation of § 14-222. He was found guilty on the first count and not guilty on the second count and has appealed, assigning four errors in the admission of evidence and error in the finding of guilt beyond a reasonable doubt upon all the evidence.

Section 989 (4) of the Practice Book requires that errors in the admission or rejection of evidence shall be stated as follows: "Each such assignment shall be separately numbered and shall refer to an exhibit which shall be annexed and shall set forth

the question, the objection, the answer if any, and the exception." The defendant has failed to include in his appeal any such exhibit but, in the statement of facts in his brief, has referred to the transcript of testimony eight times in this fashion: "(Page 24 of the transcript)." Where, as here, there has been a failure to conform with our rules concerning the procedure and form for claiming error in the admission of evidence, no further consideration of such an assignment of error is required by us. See *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 175; *Arvee Construction Co.* v. *Ardolino,* 144 Conn. 7, 12; *Attruia* v. *Attruia,* 140 Conn. 73, 79; *Krasnow* v. *Krasnow,* 140 Conn. 254, 260; *Nickerson* v. *Griffing,* 139 Conn. 720, 727.

The defendant's last assignment of error is directed to the court's conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. Upon this assignment of error we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. *State* v. *Pundy,* 147 Conn. 7, 8. In his brief, the defendant raises for the first time the specific issue that there was no proof by the state that the defendant was operating on a public highway. If this claim of error had been raised as a separate issue, it could not be considered since it was not raised at the trial and, therefore, not ruled upon by the court adversely to the defendant. Practice Book § 652; *Petrillo* v. *Maiuri,* 138 Conn. 557, 562; *Atwood* v. *Jarrett,* 81 Conn. 532, 533. However, it will be considered under this general assignment of error. Our review of the evidence indicates that there was evidence submitted to the court, which it could believe, that established beyond a reasonable doubt that the defendant was operating the motor vehicle and that he was under the influence

of intoxicating liquor at the time. Two witnesses testified that the car was being operated in an erratic fashion, swerving to the right and left, that it went through two highway guideposts and down an embankment, and that when they arrived at the point where the car came to rest, the defendant was the only person near the car. Subsequently, the defendant admitted to the police officer that he was the operator of the car. These witnesses testified that the defendant stuttered and smelled of alcohol, and there was further evidence that the defendant was unsure in walking, that he was bobbing and weaving in attempting to stand still, that his finger-to-nose test performance was lacking in coordination, and that in the police officer's opinion he was under the influence of liquor and unfit to operate a motor vehicle.

Whether the defendant was operating a motor vehicle on a public highway, as the statute requires, is a question of fact and may be proved by direct or circumstantial evidence and by inference reasonably drawn from the competent facts established. "Webster's New International Dictionary (2d Ed.) defines a highway as 'A main road or thoroughfare; hence, a road or way open to the use of the public.' We said in *Laufer* v. *Bridgeport Traction Co.,* 68 Conn. 475, 488 . . . : 'A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle. In every highway the King and his subjects may pass and repass at pleasure.' The essential feature of a highway is that it is a way over which the public at large has the right to pass. See *Yale University* v. *New Haven,* 104 Conn. 610, 616 . . . ; *Newton* v. *New York, N.H. & H.R. Co.,* 72 Conn. 420, 426 . . . ; *Peck* v. *Smith,* 1 Conn. 103, 132. Accordingly, the term 'highway' is ordinarily used in contradistinction to a private way, over which only a limited

number of persons have the right to pass." *Stavola v. Palmer,* 136 Conn. 670, 683. The evidence indicates that one witness testified that he was operating his motor vehicle on route 184 in Groton and that, in response to the question, "Now, did there come a time when you noticed another car on the highway at that time?" he answered, "I was entering Route 95 where the route comes together with 184 and 95 and I looked over my shoulder to observe the traffic entering from that side and at that time I noticed an automobile, Cadillac, going at a very high rate of speed down past me . . . and he proceeded over the embankment through two guideposts." This witness further testified that the embankment was twenty feet from the road. Another witness testified that they were traveling on route 184 where it converges with route 95 and a Cadillac passed on their right. The police officer testified that the accident occurred at the plaza or approach to the Gold Star Bridge which is the intersection of routes 95 and 184 and that it is a public highway. The court did not err in concluding that the defendant was guilty beyond a reasonable doubt of a violation of § 14-227a.

There is no error.

PRUYN, JACOBS and LEVINE, Js., participated in this decision.