### State of Connecticut *v.* Stephen L. Fennell

Appellate Session of the Superior Court

File No. 131

Argued November 18, 1975—decided March 12, 1976

*Richard F. Singer,* for the appellant (defendant).

*Kevin T. Kane,* prosecuting attorney, for the appellee (state).

Per Curiam. A jury found the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor, in violation of § 14-227a of the General Statutes. The defendant has appealed from the judgment rendered on the jury's verdict. He has assigned error in the trial court's denial of his motions for a directed verdict, for a mistrial, to set aside the verdict, and for judgment notwithstanding the verdict, and in the trial court's charge to the jury, and in the admission of certain evidence.

An examination of the finding discloses that the jury could have found the following facts: During the early evening of November 10, 1973, the defendant was operating a motor vehicle on Route 9A in Deep River when his vehicle veered to the right and struck a parked vehicle. Route 9A on that date was a public highway and was open for public use. After the accident, the defendant had an odor of liquor on his breath, unclear speech, and he staggered and stumbled.

The defendant made no claims of proof in his draft finding and only requested that the court make

a finding of a portion of the charge. The finding made by the court sets forth that portion of the charge as well as the colloquy which followed the request to charge.

Several of the defendant's assignments of error are directed at the trial court's rulings on evidence. We are unable to consider those claims of error because the defendant has failed to comply with the provisions of §§ 789C (4) and 783C (4)[1] of the Practice Book. *State* v. *Guillet,* 3 Conn. Cir. Ct. 380, 381.

The principal claim of error relates to the unsolicited testimony of a state police officer that the defendant refused to take a breath test. The state did not claim that answer. The defendant immediately objected to the officer's testimony and moved for a mistrial, which the court denied. The defendant did not move to strike that portion of the answer. In its charge the court carefully and adequately instructed the jury that that particular testimony should be completely disregarded and no weight whatsoever should be given to it during the course of deliberation. The defendant took exception to that portion of the charge because the court inadvertently stated that the testimony had been ordered stricken during the course of the trial. The court refused to charge further.

"The trial court has wide discretion in passing on motions for mistrial." *State* v. *Savage,* 161 Conn.

---

[1] The rules for the Appellate Division of the Court of Common Pleas govern this appeal since the appeal was taken prior to December 31, 1974. Practice Book § 783C (4) provides, in relevant part: "Each such assignment . . . shall refer to an exhibit which shall be annexed and shall set forth the question, the objection, the answer if any, and the exception. When the relevancy or materiality of any evidence or any other question in dispute cannot be understood without a knowledge of what preceded or followed the question, a brief statement of such facts should be made in the exhibit and, if necessary, a sufficient excerpt from the transcript given."

445, 449.  It is well established that "a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466; *McLemore* v. *Richardson,* 32 Conn. Sup. 533, 536.  The proper instructions of the court to the jury to disregard the unsolicited answer of the state trooper eliminated any possible harm to the defendant and the denial of the motion for mistrial was within the court's discretion.  We find no merit in the defendant's contention that the incorrect reference by the court that the testimony had been stricken was prejudicial to him.  The charge as given was favorable to the defendant.

Another assignment of error which will be considered involved the conduct of the trial court after the state rested.  The defendant rested without presenting evidence and moved for a directed verdict, claiming that the state failed to prove the essential elements of operating a motor vehicle under the influence of intoxicating liquor and upon a public highway.  The state moved to reopen its case and the court allowed very brief evidence to the extent that Route 9A was a public highway.  It is within the sound discretion of the trial court whether to permit the state to offer further evidence after it has rested its case.  *State* v. *Levy,* 103 Conn. 138, 145.  "In any ordinary situation if a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided." *Hauser* v. *Fairfield,* 126 Conn. 240, 242.

The defendant also assigns as error the court's failure to grant his second motion for mistrial, which was made after both parties had rested. That motion was based on a claim of surprise regarding the competence of a witness for the state who had testified earlier in the trial. "Although the trial judge must be solicitous to protect the rights of the accused, the defense is not relieved of its obligation to inform the court in timely fashion of its claims during the course of the trial." *State* v. *Smith,* 156 Conn. 378, 386. If the defendant's opportunity for a fair trial was impaired by the claimed surprise, the defendant should have moved for a mistrial at that time. We cannot say that the court abused its discretion in denying the defendant's second motion.

In regard to the defendant's claims of error in the denials of his motion to set aside the verdict and for judgment non obstante veredicto, we cannot say that the court erred. The sole question is whether the evidence, taken in the light most favorable to sustaining the verdict, justifies the verdict. *State* v. *Ortiz,* 169 Conn. 642, 645. The evidence before the jury was sufficient to justify their finding the defendant guilty beyond a reasonable doubt.

There is no error.

SPEZIALE, D. SHEA and SPONZO, Js., participated in this decision.