WILMER J. CANNON, Plaintiff, v. ANN G. CANNON, Defendant.

238

(*July* 12, 1951.)

HERRMANN, J., sitting.

*David B. Coxe, Jr.*, for Plaintiff.

*Clement C. Wood* (of Young and Wood) for Defendant.

Superior Court for New Castle County, No. 404, C. A. 1951.

HERRMANN, J.:

This action for divorce is based upon Paragraph 3499(d), *Revised Code of Delaware* 1935, which establishes as a ground for divorce:

"Extreme cruelty, on the part of either husband or wife, such as to endanger the life or health of the other party or to render cohabitation unsafe."

The parties were married on April 22, 1944. The Plaintiff asserts and has sought to prove that, within the past year, the defendant committed the following acts which, the plaintiff contends, constitute extreme cruelty within the meaning of our Statute:

1. That on October 3, 1950, the defendant scratched his shoulder with her fingernails.

2. That on November 22, 1950, the defendant injured his arm with a metal skirt hanger.

3. That on December 17, 1950, the defendant threw a small table and an ash tray at him, neither of which struck him.

4. That on January 23, 1951, the defendant burned his hand with a lighted cigarette, causing a second degree burn.

5. That on February 7, 1951, the defendant struck him in the face with her hand, causing him to sustain a black eye.

6. That on several occasions the defendant threw a jewel box and small ash trays at him, none of which struck him.

7. That since March 1950 the defendant has refused to have marital relations with him.

8. That the defendant has persisted in accusing the plaintiff of acts of infidelity, without reason or cause.

9. That the defendant constantly nagged him, subjected him to abusive language, and attempted to provoke quarrels.

10. That the defendant frequently threatened to besmirch his reputation and thus cause him to lose his employment.

Medical testimony was adduced on behalf of the plaintiff to the effect that the plaintiff had been treated for a bruised eye and a burn on the hand. The doctor also testified that the plaintiff had recently lost some weight, that he had become depressed and irritable, and that he had developed a nervous condition. The doctor was unable, however, to identify the cause or causes for the injuries or for the changes in the physical and mental condition of the plaintiff.

The defendant denies all of the plaintiff's accusations except that she admits scratching the plaintiff's shoulder with her fingernails in self-defense. There is direct conflict in the evidence as to all of the other charges asserted by the plaintiff, and neither party has produced corroborative evidence of any probative value.

As in any civil action in this Court, the plaintiff is obliged to establish, by a preponderance of the evidence, the essential facts required to entitle him to the remedy he seeks. In view of the lack of corroborative evidence and the direct conflict in the testimony of the parties, I am of the opinion that the plaintiff has failed to sustain his burden of proof both as to the occurrence of the acts complained of and the deleterious effect thereof upon his health and safety. For that reason alone the plaintiff's petition must be dismissed.

The result would not be different, however, even though the plaintiff had been able to prove the acts complained of by a preponderance of the evidence. Assuming that the alleged acts of commission and omission by the defendant actually occurred as asserted by the plaintiff, would they constitute "extreme cruelty" within the meaning of that term in our divorce statute? I think not.

Considering first the acts of physical abuse charged by

the plaintiff, it appears from the plaintiff's testimony that all such acts occurred in moments of temper, during quarrels or shrewish tirades in which the defendant is said to have engaged from time to time. It further appears that the plaintiff is physically superior to the defendant in all respects and that he is not afraid of her. In this connection, it is significant that the plaintiff continued to live in the same house with the defendant for several months after the last act of physical maltreatment is said to have occurred. In the absence of some positive evidence to the contrary, by medical testimony or otherwise, I do not think it realistic to say that physical abuse of this type, inflicted by a wife upon her husband under such circumstances, is of such grievous nature as to endanger the life or health of the husband or make further cohabitation unsafe. Our statute requires more than mere cruelty; it requires "extreme" cruelty. I am of the opinion that the bodily harm, claimed to have been inflicted upon the plaintiff in the instant case, does not meet this requirement.

■ Next to be considered is the defendant's alleged refusal to have marital relations with the plaintiff. It has been established in this State that such refusal does not constitute extreme cruelty under our divorce statute unless it is shown that life or health has been endangered as the "sole and direct result" of such denial. *A. v. A.*, (1945) 3 *Terry* 605, 43 *A.* 2d 251, 253; *X. v. X.*, (1946) 4 *Terry* 361, 47 *A.* 2d 470. In the instant case there has been no such showing.

■■ Finally, there are the alleged accusations of infidelity, the nagging and abusive language, and the threats to slander the plaintiff and harm him in his employment. According to the plaintiff, this type of invective occurred frequently but always in the privacy of the home. These charges, of course, do not involve personal violence. The plaintiff asserts that this conduct of the defendant caused him worry and mental suffering, result-

ing in some loss of weight[1] and a nervous condition. This does not amount to extreme cruelty within the meaning of our statute. Long ago, this Court approved the proposition that "Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accomodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty". *McClenahan v. McClenahan,* (1911) 2 *Boyce* 599, 80 *A.* 677, 682. More recently in *X. v. X., supra,* this Court stated:

"Worry or mental suffering sufficient to endanger, to some extent, the health of a spouse occasioned by the conduct of the other spouse is prevalent in many married lives, but that of itself would not be a cause for divorce on the ground of extreme cruelty within the meaning of our statute." [4 *Terry* 361, 47 *A.* 2d 478.]

It would thus appear that no one of the charges made by the plaintiff against the defendant would amount to extreme cruelty in this State. The plaintiff contends, however, that the combination of these various types of alleged misconduct amounts to extreme cruelty even though no one of the component types, standing alone, be found to be sufficient. I cannot agree. In this case, the chain of facts relied upon by the plaintiff can be no stronger than its weakest link.

A decree will be entered denying the prayer of the plaintiff's petition.

---

[1]The plaintiff is approximately six feet tall. The plaintiff testified that, after the maximum loss of weight caused by his marital difficulties, he weighed about 198 pounds.