Jo Ann H. Sarafin *v.* Walter F. Sarafin

Superior Court        Middlesex County        File No. 17947

Memorandum filed February 2, 1968

*E. Lea Marsh, Jr.,* of Deep River, for the plaintiff.

*Louis W. Johnson,* of Middletown, for the defendant.

Palmer, J. This is an action for divorce on the ground of intolerable cruelty. The defendant husband denies the allegations of intolerable cruelty, and the sole issue is whether the plaintiff has sus-

tained her burden of proof. See *Bloomfield* v. *Bloomfield,* 144 Conn. 568, 569. Whether or not the defendant husband has been guilty of intolerable cruelty to the plaintiff wife must be determined in the light of the established law of this state, and it may be well to review that law.

"Incompatibility of personalities is not and has never been a ground for divorce in Connecticut. Under our law, married persons are expected to accept the ordinary vicissitudes of marriage caused by unwise mating, unhappy situations, unruly tempers and common quarrels or marital wranglings. To constitute intolerable cruelty, the consequences must be serious." *Nowak* v. *Nowak,* 23 Conn. Sup. 495, 497 *(Cotter, J.).* "Intolerable cruelty has a subjective as well as an objective significance. There must not only be proof of acts of cruelty on the part of the offending party but proof that in their cumulative effect upon the other party they are intolerable in the sense of rendering the continuance of the marital relation unbearable. *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3 . . . ." *Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 221; *Bloomfield* v. *Bloomfield,* supra, 568. "[T]here are trials causing much weariness and suffering, which parties to the marriage contract must bear . . . . It is only when the cumulative effect upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute . . . [§ 46-13] should be found to exist." *McEvoy* v. *McEvoy,* 99 Conn. 427, 431; *Beck* v. *Beck,* 102 Conn. 755, 756. In a recent decision of the highest court of this state, it is indicated that it must be determined that the conduct of the defendant was either intended by him to be cruel or was of such a character that the trial court may reasonably infer an

intent to be cruel. *Richards* v. *Richards,* 153 Conn. 407, 410.

The parties to this action were married in Chesterfield, Massachusetts, on April 4, 1953. They moved to this state in the spring of 1957 and have resided here since. Three children are issue of the marriage. One of the plaintiff's claims is that starting in 1957 and continuing for two or three years thereafter the defendant spent most of his time after work and on weekends from spring to fall in training drawing horses and participating in drawing horses contests at agricultural fairs, and as a result neglected the plaintiff and their children. These activities terminated more than six years before the commencement of this action. It produced some income for the plaintiff at a time when the parties needed it. It does not appear that the plaintiff seriously objected to these activities at the times they took place, and the court is satisfied that they did not contribute in any substantial manner to the present predicament of the parties.

The plaintiff claims that the defendant called her obscene names and addressed her in vulgar and profane language. The court is of the opinion that he did so on some occasions, particularly after she terminated their sexual relationship. The plaintiff, however, frequently called the defendant a "son of a bitch," and the court is unable to find that the language which the defendant used was intolerable to her. She was not that sensitive.

The plaintiff claims further that there were two occasions on which the defendant insisted upon having sexual intercourse with her when she was suffering from a physical disability. One was in September, 1959, more than seven years before this case was started. On that occasion she says she was in pain and he insisted on having relations, re-

fusing to believe that she was being hurt. The other occasion was in January, 1966, when the plaintiff fell while ice skating and injured herself, causing her pain. That night the defendant insisted upon having sexual relations, refusing to believe she was hurt. The most that can be said of these incidents is that the defendant was insensitive and inconsiderate. It cannot be said that he had any intention to abuse the plaintiff, or even to hurt her. Two such incidents over a period of thirteen years of marriage can hardly be called intolerable cruelty. The plaintiff makes additional factual claims of alleged cruelty, but they are of a relatively minor nature and in the opinion of the court do not aid her cause. Nor can it be said that the cumulative effect of the defendant's conduct over the years was cruel and unbearable to the plaintiff.

It is clear from the evidence that the defendant is deeply in love with his wife and wants her to resume living with him. It is equally clear that she has long since ceased to want to live with him as a person or a husband. She did not reciprocate the defendant's intense desire to engage in sexual relations, and she terminated their sexual relationship entirely on August 7, 1966. She had been displeased with the defendant's desires in that respect for some time before that. The evidence indicates that in the years after the marriage the plaintiff improved herself intellectually and in that respect "outgrew" the defendant and became superior to him. The final result was that she became tired of the defendant as a person and as a husband. However, much as the plaintiff may now be incompatible with the defendant in interests, desires and attitudes, and the court fully recognizes this to be the case, such incompatibility is not a ground for divorce under the law of this state. Proof is lacking that the conduct of the defendant was intended by him to be cruel, or

that its character was such that this court can reasonably infer that it was intended to be cruel. This is a situation where the defendant himself is intolerable and unbearable to the plaintiff, but it cannot reasonably be found that it was his conduct toward her which rendered continuance of their marital relationship unbearable.

In her brief, the plaintiff makes reference to the difficult situation which will ensue if a divorce is not granted. This is not a permissible argument and cannot be given any consideration. The court is bound to decide this case, as any other case, upon the facts and the law, without regard to any other considerations which are not material or relevant to the issues.

Judgment may enter dismissing the complaint.