KOLIO LEA'E, Petitioner

v.

SIVE M. LEA'E, Respondent

High Court of American Samoa
Trial Division

DR No. 13-86

August 4, 1986

Before REES, Chief Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For the Plaintiff, Albert Mailo

Plaintiff seeks to divorce his wife on the ground of her habitual cruelty and ill usage. The wife signed a "waiver of appearance and consent" form prepared by the plaintiff's attorney, and plaintiff moved for judgment by default. At the default hearing the plaintiff testified that his wife's cruelty and ill usage consisted of not doing things he told her to do, driving around in her car while he was at work, and showing insufficient respect for him. Pressed by the court and by his attorney to describe a few of the more serious instances of the behavior to which he objected, he added only that his wife did not respect his

51

sisters as she should have done according to Samoan custom. He then testified that her behavior had sometimes caused him to hit her.

The law of American Samoa requires that every divorce case be heard in open court, whether or not the defendant appears, and that the court inquire not only into the facts alleged in the petition but also into possible defenses and countercharges. A.S.C.A. § 42.0205. The obvious purpose of this provision is to give effect to the decision of the Fono not to provide for divorce on the ground of "incompatibility" or "irreconcilable differences." Instead, the statute prescribes four "fault-based" grounds for divorce: adultery, habitual cruelty or ill usage, desertion, and long term imprisonment. A.S.C.A. § 42.0202. Parties who wish a "no-fault" divorce may secure one by voluntarily living apart for five years. Id. The imposition on the court of an affirmative duty to examine all issues that might have been raised by the parties is apparently designed to prevent parties from circumventing the five year requirement by mutual agreement.

We recently emphasized that "habitual cruelty or ill usage" does not encompass mere disagreement between the spouses, not even disagreement on matters about which the spouses have strong feelings and beliefs. Chun v. Chun, 3 A.S.R.2d 23 (1986). The allegations and arguments made in this case suggest the need for some elaboration on this holding.

Habitual cruelty as a ground for divorce was imported to the United States from the English ecclesiastical law, which allowed a wife to obtain a legal separation when her husband's cruelty had caused her bodily harm or a reasonable apprehension of bodily harm. In Evans v. Evans, 1 Hagg. Con. 35, 161 Eng. Rep. 466 (1790) Lord Stowell announced the rule that "what merely wounds the mental feelings is in few cases to be admitted, where not accompanied with bodily injury, either actual or menaced." Id., quoted in X v. X, 47 A.2d 470, 473 (Del. 1946). More recently, American courts have tended to construe habitual cruelty statutes "to include conduct having no physical impact on the plaintiff, provided either that it produces an impairment of health or other bodily symptoms." H. Clark, The Law of Domestic Relations in the United States 343 (1968).

As recently as 1968, however, a leading commentator observed that many courts had refused

to broaden the definition to include serious psychological injury without physical symptoms. H. Clark, supra, at 343; see, e.g., _Fryman v. Fryman_, 5 Ill. App. 2d 479, 125 N.E. 2d 853 (1955); _Cannon v. Cannon_, 46 Del. 237, 82 A.2d 737 (Super. Ct. 1951). This seems to have been the reason for the enactment in some jurisdictions of provisions for divorce on the basis of "indignities" or, as in American Samoa, "ill usage." See Clark at 342. Thus in _Swett v. Swett_, C.A. No. 2683-74, this Court observed that cruelty "comprehends conduct addressed to the body," whereas ill usage "is a species of cruelty addressed to the mind, sensibilities, self-respect, or personal honor of the person, rather than to the body." _Id._ at 2, 3.

Whenever the definition of cruelty has been expanded by statute or construction to include conduct without palpable physical consequences, courts have been faced with the necessity of distinguishing such conduct from mere "incompatibility" or "irreconcilable differences." Without such a distinction, an elaborate legislative scheme including several specific grounds for divorce is effectively repealed and replaced by a simple rule that anyone can get a divorce who wants one. Powerful arguments can be made on behalf of such a provision, but they should be addressed to legislatures rather than courts. In construing habitual cruelty and related provisions, therefore, courts have repeatedly emphasized that they include only such conduct as seems calculated to render the marriage utterly intolerable. _Sarafin v. Sarafin_, 28 Conn. Sup. 24, 247 A.2d 500 (1968); _Gallaspy v. Gallaspy_, 459 So. 2d 283 (Miss. 1984); _Williams v. Williams_, 351 Mich. 210, 88 N.W. 2d 483 (1958).

Although each case must be evaluated in light of all its facts and circumstances, a few rules and limitations have emerged. Although courts differ on whether it is necessary that the defendant have engaged in the offensive conduct with the specific intention of hurting the plaintiff, they agree that the mere fact that plaintiff has taken offense is not enough. Rather, there must be some objective wrongdoing on the part of the defendant. See, e.g., _Sarafin_, supra; _Gallaspy_, supra; _Williams_, supra; _Fitts v. Fitts_, 217 So. 2d 81 (Ala. 1968); _Winslow v. Winslow_, 251 A.2d 419 (Vt. 1969); _Frantzen v. Frantzen_, 349 S.W.2d 765 (Tex. App. 1961); _Reed v. Reed_, 340 Mass. 321, 163 N.E.2d 919 (1960); _McClenahan v. McClenahan_, 80 A. 677 (Del. 1911). "The charge of cruel and inhuman treatment

against one spouse means something more than unkindness or rudeness or mere incompatibility or want of affection." Gallaspy, supra, at 285.

On the other hand, courts agree that whether certain conduct constitutes cruelty depends in part on what effects the defendant knew or should have known the conduct would have on the plaintiff. Thus one who wilfully torments an unusually sensitive spouse in relatively trivial ways may be guilty of cruelty, whereas conduct that would severely hurt an ordinary person will not be a ground for divorce if it does not actually have such an effect on the plaintiff. Sarafin, supra; In re Marriage of Semmler, 413 N.E.2d 502 (Ill. App. 1980); Gazzillo v. Gazzillo, 153 N.J. Super. 158, 379 A.2d 288 (1977).

Finally, if the complaining spouse's own conduct was not much better than that of the defendant the latter's conduct will be "considered excused if not wholly excusable, so long as it is not disproportionate to the provocation." H. Clark, supra, at 344; see also Sarafin, supra; Evans v. Evans, 176 Or. 403, 157 P.2d 495 (1945). A similar rule is specifically set out in the Territory in A.S.C.A. § 42.0206(a)(5), which requires that a petition for divorce be denied if the plaintiff himself is shown guilty of one of the grounds for divorce.

In addition to violence and threats of violence, forms of conduct that have frequently been construed to constitute cruelty include improper sexual relations with other persons (even in the absence of proof of adultery), false accusations against the spouse, and acts apparently committed with the specific intention of hurting the spouse or making the marriage intolerable. Other conduct, such as neglect of family, drunkenness or drug addiction, refusal to engage in sexual relations, and extravagant or unreasonable demands on the other spouse, may or may not be grounds for divorce depending on the circumstances --- particularly the state of mind and other conduct of both spouses. See e.g., Gazzillo, supra; Semmler, supra; Garrison v. Garrison, 179 N.W.2d 466 (Iowa 1970); Hayes v. Hayes, 117 Ill. App.2d 211, 254 N.E. 2d 288 (1969). In other words, a divorce for habitual cruelty or ill usage will be granted only when the record reflects a pattern of conduct that is not just irritating but so shameful or bizarre as to be unbearable, and in

which it is reasonably clear who is the wrongdoer and who is the victim.

In this case the victim, if any, seems to be the defendant. After the 'first round of plaintiff's testimony, in which he had made only a few general and conclusory allegations, the court suggested to his counsel that he either adduce some specific and convincing evidence of cruelty or amend the complaint to allege some other ground such as desertion. The only important information conveyed in the next round of plaintiff's testimony was that he sometimes hit his wife. Although counsel has been allowed to amend his complaint to allege desertion, the record suggests that the wife's departure was justified and therefore does not constitute desertion. In any case, plaintiff's physical abuse of his wife requires the court to deny his petition for divorce. A.S.C.A. § 42.0206(a)(5).

If both parties to this case desire an immediate divorce, it would seem best for the wife to bring the action.' Otherwise either party can obtain a divorce after the parties have been living apart for five years.

The complaint is dismissed.